GANNON *v.* SCOTTISH AMERICAN MORTGAGE CO.

The fact that the borrower, in addition to the maximum legal rate of interest reserved on a given loan, also paid the attorneys of the lender their fee for examining titles to the land conveyed as security for the debt, did not render the transaction usurious as to the lender, especially when the latter neither authorized the charge nor shared in the fee. This is true notwithstanding the borrower did not know who the attorneys for the lender were, and did not agree to pay their fees until after the papers for the loan had been prepared and the money had been forwarded by the lender.

Submitted December 16, 1898. — Decided February 11, 1899.

Complaint. Before Judge Reid. City court of Atlanta. July term, 1898.

*T. C. Battle* and *W. I. Heyward,* for plaintiff in error.
*King & Anderson,* contra.

LEWIS, J. The Scottish American Mortgage Company brought suit against Annie Gannon for $4,520, besides interest, upon certain promissory notes given by the latter to the former. Pe-

titioner alleged that the defendant had executed a deed to certain land to secure the notes and coupons sued upon, and that petitioner executed back to defendant a bond for titles, conditioned to reconvey the property upon payment of the indebtedness. Judgment was prayed for the full amount due, and that the right and title to the land as security for said indebtedness be recognized and established. Defendant answered, admitting that she borrowed of plaintiff the sum of money sued for, and executed the papers set out in plaintiff's petition; but alleging that when the money was paid over to her, there was deducted from the original amount the sum of $50, the fee charged for examining the titles by King & Anderson, the plaintiff's regular attorneys; that she did not employ the attorneys to act for her, and did not know until after the loan had been obtained, and papers prepared, who the attorneys were, nor did she agree to pay the fees of such attorneys to examine said titles, or to draw up the papers, defendant having agreed to pay others a commission of $175 to procure for her the amount of money she desired, which commission she paid; and that the sum of $50, deducted for plaintiff's attorneys, is usury in the note sued on, and in the loan deed executed by her to plaintiff. To this plea of defendant the plaintiff demurred, and to the judgment of the trial judge sustaining the demurrer and striking her plea the defendant excepts.

It will be noted that there is no allegation in the plea that the lender authorized the charge made by its attorneys for examining the titles, or that it had any knowledge of the same, or that it shared in the fee paid by the borrower. Under the ruling of this court in *McLean* v. *Camak*, 97 *Ga.* 804, the plea insisted upon by the defendant below constituted no legal defense to the action. The court, therefore, did not err in sustaining the demurrer to the defendant's plea. See also *Merck* v. *Mortgage Co.*, 79 *Ga.* 213–229–232; *Hughes* v. *Griswold*, 82 *Ga.* 299–308; *Sanders* v. *Nicolson*, 101 *Ga.* 739 (2).

　　　*Judgment affirmed. All the Justices concurring.*