### TENNILLE BANKING COMPANY *v.* QUINN *et al.*

HILL, J. 1. Where usurious interest is reserved for a loan of money contracted since the year 1916, and in a suit by the lender against the debtor a judgment is rendered for the principal amount only, the interest being forfeited by virtue of the provisions of the act of 1916 (Acts 1916, p. 48; Park's Ann. Code, Supp. 1922, § 3438), providing for a forfeiture of the entire interest when usury is charged, such judgment does not bear interest. *Daniel* v. *Gibson,* 72 *Ga.* 367 (2 *a*) (53 Am. R. 845); Danforth *v.* National Bank of Elizabeth, 48 Fed. 271 (17 L. R. A. 622, 1 C. C. A. 62). And this is so notwithstanding Civil Code (1910), § 3432, which provides that " All judgments in this State bear lawful interest upon the principal amount recovered." The act of 1916 prohibits the recovery of any interest where usury is charged. See *Daniel* v. *Gibson,* supra.

2. Where a plaintiff sues upon a promissory note which bears interest at the rate of 8 per cent. per annum from maturity, and the defendant pleads usury and charges that a certain sum has been reserved as usu-

rious interest, and the court enters a judgment for the net amount of the true principal admitted to be due, such judgment, since the act of 1916, supra, does not bear interest.          *All the Justices concur.*

No. 3495.   JULY 26, 1923.

The headnotes are in answer to questions propounded by the Court of Appeals, in Case No. 13302.

*E. W. Jordan,* for plaintiff.  *Evans & Evans,* for defendants.