25434. LEWIS *v.* CITIZENS BANK.

Decided June 18, 1936.

*Clayton Baker, G. L. Worthy,* for plaintiff.
*R. A. Bell,* for defendant.

Sutton, J. Lewis instituted suit in a justice's court against the Citizens Bank, to recover $2.50 paid by him to the defendant as alleged usurious interest. It appeared on the trial that plaintiff

borrowed $15 from the bank on April 16, 1934, and to evidence the same executed a promissory note for $17.50, payable in 60 days, with interest after maturity at 8 per cent., and secured by a chattel mortgage; that the cashier of the bank, to whom plaintiff applied for the loan, stated that the bank "would have to charge him $2.50 for interest and expenses incident to the loan;" that it was meant by this that the cost of recording the mortgage of 75 cents and the fee for an attorney to examine the public records of $1.50, would have to be borne by the plaintiff, in addition to the legal interest on $15, as expenses incident to the loan; and that the note was not paid when due, but was paid on December 1, 1934. The justice of the peace rendered judgment against the plaintiff, and he appealed to a jury. The jury returned a verdict for the defendant. The plaintiff filed his petition to the superior court for the writ of certiorari. The case is in this court on exception to the overruling of the certiorari.

1. In making a loan secured by a mortgage on personalty, it is legitimate to require the borrower to pay the expense of recording the mortgage, and also the expense of having an attorney at law to examine the public records to ascertain whether the mortgagor has title to the property mortgaged to secure the loan; and where charged to the borrower in addition to the legal interest, it is not violative of the usury laws. *McCall* v. *Herrin*, 118 *Ga.* 522 (45 S. E. 442); *Gammon* v. *Scottish American Mortgage Co.*, 106 *Ga.* 510 (32 S. E. 591); *Sanders* v. *Nicolson*, 101 *Ga.* 739 (28 S. E. 976); New England Mortgage Co. *v.* Gay, 33 Fed. 636; 66 C. J. 321.

2. Under the contract under consideration in this case the plaintiff borrowed from the defendant $15 for sixty days, and the proper and lawful interest thereon for that period of time amounted to twenty cents. The bank was entitled to require that plaintiff pay 75 cents, the cost of recording the mortgage given to secure the loan, and $1.50 as a fee for the attorney to examine the public records. These sums total $2.45. The difference between the $2.50 charged by the bank as expenses and interest and the sum of $2.45, the correct and proper amount of interest and expenses, amounting to 5 cents, did not render the contract usurious, but was evidently the result of a mistake or oversight. *Rushing* v. *Willingham*, 105 *Ga.* 166 (31 S. E. 154); *Loganville Banking*

*Co.* v. *Forrester,* 143 *Ga.* 302, 305 (84 S: E. 961, L. R. A. 1915D, 1195). It did not appear, therefore, that at the time the note was executed there was any intent on the part of the bank to take, charge, or reserve any usury. *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376).

3. It follows, under the law and the facts of this case, that the judge of the superior court did not err in overruling plaintiff's petition for certiorari. Furthermore, it appears that plaintiff did not pay the note sued on until five and one half months after maturity, and that there was accrued interest due amounting to 55 cents, which sum was not paid by plaintiff when he paid the note in December.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*