37913. TAYLOR *v.* MERCHANTS MUTUAL
CREDIT CORPORATION.

Decided November 5, 1959.

*Augustus M. Roan,* for plaintiff in error.

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* contra.

NICHOLS, Judge. 1. On the original trial it was stipulated, among other things: "That the interest was calculated by deducting in advance interest at the rate of 1 percent per month on the face amount of each loan note." It was further stipulated that the plaintiff was a credit union duly licensed "under Code § 25-201 [§ 25-101?]" Code § 25-116 provides that a credit union may lend to its members at a reasonable rate of interest, which shall not exceed one percent a month, and Code (Ann.) § 57-116 provides: "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly instalments, may charge interest thereon at six percent per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly or yearly instalments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious." The act of 1916 (Ga. L. 1916, p. 48), from which act Code § 57-112 is codified, provides for a forfeiture of the entire interest where the lender has sought to obtain usury, but further provides that there shall be no further penalty. However, where a note is tainted with usury and a judgment obtained for the amount advanced and for attorney's fees, as provided for in the note, the judgment obtained does not bear interest. See *Tennille Banking Co.* v. *Quinn,* 156 *Ga.* 159 (1, 2) (118 S. E. 644).

The answer of the trial court to the petition for certiorari was

untraversed and the facts therein set forth must be treated as true. See *Mons* v. *State,* 84 *Ga. App.* 340 (66 S. E. 2d 159), and *Bishop* v. *State,* 92 *Ga. App.* 494 (88 S. E. 2d 746).

The trial court found the amount advanced on each note and since such findings were not traversed they must be accepted as true. The trial court found that certain payments had been made, the balance due on each note, and that no usury was involved as to the notes sued on in counts 1 through 6. It found that usury was involved in the notes sued on in counts 7 and 8, that no payments had been made on such notes and a judgment was rendered only for the amount found to have been advanced. While the defendant contends that the entire contracts were void where usury was involved, such contention is without merit, and since no exception was taken to the judgment of the trial court not allowing the 10 percent attorney's fees provided for in such two notes, the judgment of the superior court in effect affirming the judgment of the trial court as to counts 7 and 8 of the petition is affirmed.

The interest on the notes sued on in counts 1 through 6 was calculated, as found by the trial court, by taking the face amount of the note and multiplying this figure by ½ percent by the number of monthly payments to be made, e.g., the note sued on in count 1 was in the amount of $720 and was to be paid in 18 monthly instalments of $40 each. The $720 was multiplied by ½% x 18 or 9 percent and this amount, $64.80, deducted from the face amount of the note and the balance of $655.20 advanced. Based on the $655.20 advanced and monthly payments of $40, the maximum interest allowable at 1 percent per month would be $63.92 or $.88 less than the amount charged. The amount of illegal charge shown above, $.88, would actually increase somewhat when it is noted that the first payment was due, not a month after the $655.20 was advanced but only 26 days thereafter. Based on the method of determining interest provided by Code (Ann.) § 57-116, supra, the maximum interest authorized on the amount of money advanced would be $58.97. The superior court in dealing with this count of the petition applied the doctrine of "De minimis non curat lex," and this court would readily agree with such holding if the same pattern were not shown in

other counts of the plaintiff's petition which tended to show a scheme to obtain usury (see *Mell v. State*, 69 *Ga. App.* 302, 307, 25 S. E. 2d 142), and not a mere mistake or oversight as could have been the fact if there had only been one transaction. See *Lewis v. Citizens Bank*, 53 *Ga. App.* 545 (186 S. E. 457). Therefore, the judgment of the superior court as to count 1 of the petition must be reversed with direction that a judgment be entered for the plaintiff for the amount advanced the defendant less any payments made and for attorney's fees on the balance due without interest either before or after judgment. These amounts appear from the record to be: Advanced $655.20; repaid $240.00; balance of principal $415.20; ten percent attorney's fees $41.52.

2. The judgment as to count 2, which held that no usury was charged on the note there sued on, is affirmed, since application of the formula referred to in the first division of the opinion to a note to be repaid in 12 equal monthly instalments does not obtain interest in excess of the amount authorized by Code § 25-116, supra. The note sued on in this count of the petition was to be repaid in 12 equal monthly instalments. It should be noted that if this same formula were to be applied to a note to be repaid over a period of sixteen years and eight months, 200 months, there would be nothing left to advance.

3. As to counts 3 through 8, usury was contracted for by the plaintiff lender and all the interest must be forfeited by the lender. The amount advanced, the amount repaid, balance of principal due and attorney's fees provided for in such notes are set forth below, and direction is given that judgment be entered for the balance due and attorney's fees as shown therein without interest either before or after judgment. No attorney's fees are shown as to counts 7 and 8, since no exception was taken to the judgment of the trial court disallowing attorney's fees as to such counts of the petition.

| Count | Amount advanced | Amount repaid | Balance due on principal | Attorney's fees |
|---|---|---|---|---|
| 3 | $2075.00 | $1070.00 | $1005.00 | $100.50 |
| 4 | 900.00 | 250.00 | 650.00 | 65.00 |
| 5 | 2335.50 | 100.00 | 2235.00 | 223.50 |
| 6 | 450.00 | 80.00 | 370.00 | 37.00 |

| 7 | 291.00 | NONE | 291.00 | NONE |
| 8 | 196.00 | NONE | 196.00 | NONE |

*Judgment affirmed in part and reversed in part with direction.*
*Felton, C. J., and Quillian, J., concur.*