W. W. WAITE *et al.*, Respondents, v. HORACE G. BARTLETT, Appellant.

### Kansas City Court of Appeals, April 3, 1893.

1. **Usury:** DAKOTA LAWS IN MISSOURI COURTS. In passing upon the validity of a usurious contract made in Dakota, the Missouri courts must decide the case as though it had its full history in this state and the Dakota statutes were the law here, and, where there is no proof as to the law of Dakota aside from statutes in evidence, the court will consider any other law applicable to the case is the same as the Missouri law.

2. ————: DAKOTA LAWS: MISDEMEANOR. The statutes of Dakota forfeit all interest where there is usury in the contract, but provide no forfeiture of any portion of the principal. The criminal statutes make the taking of usury a misdemeanor punishable by fine and imprisonment. *Held*, that a note, a part of the consideration of which was usury, was not defeated by the criminal statute, as the usury statutes provide for the status of usurious contracts when the subject of an action in a civil court.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Hall & Pike*, for appellant.

(1) The note was based upon an illegal consideration, and no action can be maintained upon it. *Sprague v. Rooney*, 104 Mo. 358; *Bank v. Owens*, 2 Pet. 538; *White v. Bass*, quoted 104 Mo. 359, 360; *Pope v. Gormully*, 144 U. S. 235; Bishop on Contracts, sec. 471. (2) It is no answer to this position that a part of the consideration was lawful. This case cannot be distinguished from *Bick v. Seal*, 45 Mo. App. 475; *Sumner v. Summers*, 54 Mo. 346; Story on Promissory Notes, sec. 190; 1 Waite on Actions & Defenses, 106;

*Deering v. Chapman*, 22 Me. 488; *Widoe v. Webb*, 20 Ohio St.; *McQuade v. Rosecrans*, 36 Ohio St. 447. (3) Only the statutory law of Dakota is found. The common or customary law of that territory must be presumed to be the same as ours. *Railroad v. Glenn*, 28 Md. 287; *White v. Chaney*, 20 Mo. App. 389-396; *Hoffheimer v. Losen*, 24 Mo. App. 659.

*Reed, James & Randolph*, for respondents.

(1) The note sued upon was a contract of the then territory of Dakota and to be construed by the law of that territory. Its construction has been given by the supreme court of Dakota in *Robinson v. McKinney*, 29 N. W. Rep. 658, October 4, 1886. Let the judgment be modified by allowing to the plaintiff the sum of $3,000, being the principal amount of the two notes sued upon, without interest, and deducting therefrom the amount of interest already paid by defendant Cuthbertson in excess of the rate of twelve per cent. per annum upon said principal amount. *Lombard v. Gregory*, 47 N. W. Rep. 298. (2) And the construction of the Dakota statute by the supreme court of the territory is binding on our courts. *Skouton v. Wood*, 57 Mo. 380, 382; *McMerty v. Morrison*, 62 Mo. 140, 146; *Wood v. Cuthberson*, 21 N. W. Rep. 3.

ELLISON, J.—This action was instituted before a justice of the peace on a promissory note. On appeal to the circuit court a trial was had by the court without a jury which resulted in a judgment for plaintiff for the sum of $122.23, and defendant appeals.

The court on request made a finding of facts as follows: "Plaintiffs are and have been ever since January 12, 1884, partners engaged in the business of banking at the town of Blunt, Hughes county, South Dakota; that during the years 1884 and 1885 said

defendant resided in the territory of Dakota, in the vicinity of said Blunt; on the thirtieth day of March, 1885, said defendant at Hughes county aforesaid executed and delivered to plaintiffs his note, sued on in this case, of which the following is a copy:

"$200.    BLUNT, DAKOTA, March 30, 1885.

"Ninety days after date I promise to pay to William W. Waite and Edward C. Garvin, or order, two hundred dollars at Hughes County Bank, Blunt, Dakota, without interest, if paid when due; if not paid when due, then with interest thereafter at the rate of twelve per cent. per annum until paid. Value received.

"(Signed)    HORACE G. BARTLETT."

The consideration of said note was as follows: Before said note was made the defendant had borrowed various sums of money from plaintiffs, aggregating $136.15, for which he had given his notes at usurious rates of interest, and which at the date of the note in suit were past due. Said note in suit was given to take up said notes, the principal of which aggregated $136.15, and for no other consideration whatever, except for the use of, or as interest upon said principal for ninety days. The said defendant at the maturity of the note in suit paid the plaintiffs $18 as interest for ninety days on said note, which should be credited thereon. All such transactions were had in Hughes county, Dakota, aforesaid. By the statute law of Dakota, in force at the time of the transaction above mentioned, the highest rate of interest it was lawful for any person to take, receive, retain or contract for was twelve per cent. per annum. It was also provided by statute of said territory that: "A person taking, receiving, retaining or contracting for any higher rate of interest than the rate of twelve per cent. per annum shall forfeit all interest so taken, received, retained or contracted for, it being the intent and

meaning of this section not to provide a forfeiture of any portion of the principal. When a greater rate of interest has been paid than twelve per cent. per annum, the person paying it or his personal representative may recover the excess from the person taking it, or his personal representative, in the proper court." It was also provided by the statute of said territory as follows: "Every person who directly or indirectly receives any interest, discount or consideration upon the loan or forbearance of any money goods or things, in action, greater than is allowed by law, is guilty of a misdemeanor." The penalty provided by statute for such offense is a fine or imprisonment or both.

The trial court also in accordance with the conclusion of law found the original sum loaned was $136.15; that of the payment of interest thereafter made, $18; the legal rate, twelve per cent. interest for the time so paid, was $4.08; that the excess over twelve per cent., namely, $13.92, should be deducted from said original principal, leaving a balance of $122.23, for which judgment was rendered.

It is evident from the facts found, that a part of the sum of $200 called for in the note was made of usury, and, therefore, a part of the consideration was usury, charged in Dakota; and that under the laws of Dakota plaintiffs were guilty of a misdemeanor and subject to a punishment of fine or imprisonment. It is further evident that the court has given no weight to this part of the Dakota statute, which was in proof and has in effect held that it did not affect the case. We agree with defendant that we must decide this case as though it had its full history in this state, and that the Dakota statute was the law here. As there was no proof, or at least no finding made as to the law of Dakota aside from the statutes mentioned, we will con-

sider that any other law applicable to the case is the same as ours. Yet in this view we feel constrained to deny the points made by defendant in support of his appeal, and we do this in full recognition of the principles of law asserted by counsel, and which they have fortified with authority.

The criminal statute of Dakota provides that he who takes usury shall be guilty of a misdemeanor, and may be fined or imprisoned for the offense. This would have the effect, nothing further appearing, to sustain defendant's contention and defeat a contract made in the face of its provisions. And so the same may be said of a note where the criminal statute did not affect it, if the whole or a part of its consideration was made up of things unlawful. *Bick v. Seal*, 45 Mo. App. 475; *Widoe v. Webb*, 20 Ohio St. 435; *Bank v. Owens*, 2 Pet. 538; *Sumner v. Summers*, 54 Mo. 346; *Sprague v. Rooney*, 104 Mo. 358.

But the civil statute on the subject of usury *provides for the status* of usurious contracts when the subject of an action in a civil court. That statute clearly has the effect of allowing the remedy as therein declared on contracts, tainted as therein named. That statute declares what shall be forfeited and what shall be recovered. In effect that statute declares, by clear implication, that in an' action on a usurious contract there may be a recovery *in that action*, but that the recovery shall be limited to the principal. It authorizes a recovery, notwithstanding a part of the consideration is unlawful, and the taking of which is made a misdemeanor. Suppose that in addition to our statute (section 5976) there was a further provision making it a misdemeanor to receive usury, would that destroy the remedy and mode pointed out by such section in a civil action? We think clearly not. The effect of the civil statute—the procedure in civil actions on usurious

contracts—is to nullify the rules and principles of law maintained by defendant, and which we are quite willing to concede would obtain but for such statute.

The circuit court has, in our opinion, rendered the proper judgment, and it is accordingly affirmed. All concur.