## J. M. SEAVER, Respondent, v. RICHARD RAY et ux., Appellants.

### Kansas City Court of Appeals, May 17, 1909.

1. **USURY: Recovery: Interest: Forfeiture.** Whether under the criminal statute a usurious contract is void, *quaere*? However, under the interest statute the loaner can recover his principal with the legal rate of interest less any usury paid in excess of the legal rate.

2. **TRIAL PRACTICE: Amendment: Changing Cause of Action: Waiver.** Where in a suit on a note on appeal from a justice, an amendment is made for money had and received, the objection to changing the cause of action must be properly made or it is waived.

3. ———: **Excessive Verdict: Evidence: Appellate Practice.** In an action at law an appellate court is bound by the finding of the trial court if there is any evidence in the cause to support the finding. And so the question of credit for usury is settled by the finding of the trial court.

4. **USURY: Interest: Credit: Statute.** The loaner can recover his principal and interest and the borrower is only entitled to a credit for usury paid and Bank v. Donnell, 195 Mo. 564, is distinguished since the Federal statute declares usury shall be deemed a forfeiture of the entire interest.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*W. O. Cardwell* and *G. M. Johnston* for defendants and appellants.

(1) The amendment of the petition or statement was a changing of the issues in the circuit court from those upon which suit was originally brought. This proposition is elemental. Powell v. Shipps, 85 Mo. App. 467. (2) The only disputed fact is as to the payment of the fifth $7.50. Four payments are admitted. Defendants claim they made five. Ray states positively that he paid Seaver. Seaver does not deny it. The only evidence against this payment is from the bookkeeper who only knows that the books don't show the payment—but he admits that Seaver did receive payments. The finding of the court under this evidence should have been that $37.50 had been paid as usurious interest. (3) The finding and judgment is also excessive in that interest is allowed from December 30, 1904. This was clearly error under Bank v. Donnell, 195 Mo. 565.

*Geo. Horn* for respondent.

(1) We claim the amended statement is not a change of the issue. Everywhere we find the statement "for money had and received." Even at the trial we find respondent seeking to recover upon the statement

for money had and received, with no objection by appel-. lants. Conceding from this argument there is a change of issue, under Powell v. Shipps, 85 Mo. App. 467, cited by appellants, the change was waived. When appellants went to trial without calling the court's attention to the defects, if any, he waived the defects in plaintiff's statement. Warner v. Close, 120 Mo. App. 211. (2) The disputed fact—the payment of the fifth installment —was found by the court in favor of respondent and is in accord with the evidence. Under the rulings of our appellate courts this court will defer largely to the findings of the trial court on questions of facts. (3) It will not be denied but that at common law usury was not a crime, it is *malum prohibitum*. In this State usury is governed wholly by statute. Prior to the enactment of section 2358, Revised Statutes 1899, Session Laws of 1899, page 167, various statutes were in force relative to usury providing civil penalties. The various sections may be found under chapter 40, Revised Statutes 1899. Respondent takes the position that all the penalties, both civil and criminal, affected the usury only, and not the debt itself. Cowgill v. Jones, 99 Mo. App. 390; Arbuthnot v. Brookfield, 98 Mo. App. 382; Flinn v. Mechanics Bldg. Co., 93 Mo. App. 444; Moses v. Nat'l Loan Co., 92 Mo. App. 484; Adler & Sons v. Corl, 155 Mo. 149: Ferguson v Soden, 111 Mo. 208; Max v. Hart, 166 Mo. 523; Keim v. Vette, 167 Mo. 401.

ELLISON, J.—This action was brought before a justice of the peace. On appeal to the circuit court plaintiff recovered judgment.

The subject of the action is a promissory note filed with the justice for one hundred dollars loaned to defendant by plaintiff's assignor and for which usurious interest was charged, to exceed two per cent per month. To charge usury in excess of two per cent a month is made a misdemeanor by our statute (section 2358, Revised Statutes 1899) and subjects the offender to

fine and imprisonment. It being thus unlawful, defend-
ant insists that the contract is void and that neither
interest nor principal can be collected. In this position
he fails to consider all of our statute bearing on the ques-
tion of usurious interest. It is provided in the general
statute relating to interest that notwithstanding the
taint of usury the principal may be recovered less the
usury paid, which is in excess of the legal rate of inter-
est. [Sec. 3709, Revised Statutes 1899.] So whatever
would have been the merit of defendant's position had
we only the criminal statute cited by him, it can have
no effect as against the latter section, which expressly
provides that the principal may be recovered credited
by the usury which has been paid in excess of legal in-
terest. The exact question was decided in Waite v.
Bartlett, 53 Mo. App. 378.

Another ground is assigned against the judgment,
viz., that plaintiff changed the cause of action when
he amended in the circuit court by abandoning the note
deposited with the justice and filing a statement for
money had and received. Defendant is in no situation to
urge the point since this was done and no objection
made by him either at the time or afterwards. He
thereby waived the right to object here. [Warner v.
Close, 120 Mo. App. 211.]

The further point is made that the judgment is ex-
cessive in that the trial court did not allow a credit
for a certain payment of usury charged to have been
made. The action is one at law and we are bound by
the finding of the trial court if there is any evidence in
the cause or reasonable inference tending to support the
finding; and we think there was.

But the remaining objection is that interest was
allowed at six per cent from the date of the debt. The
court's declaration of law so directed. It was proper
to do so, for the statute (section 3709) expressly allows
a recovery of the principal and interest at the legal

137 App.—6

rate. The forfeiture of interest under that statute is of the usury "in excess of the legal rate;" such usury is to be considered a payment and goes to a reduction of the principal.

We are cited to Bank v. Donnell, 195 Mo. 564, 570 (s. c., 172 Mo. 384), where it is held that a usurious note "bore no interest from the beginning," and that it could not begin to bear interest until it became merged into a judgment for the principal. But that case involved a claim of a national bank and was governed by section 5198 of the Statutes of the United States, which declares that usury "shall be deemed a forfeiture of the entire interest."

The judgment was properly rendered for the plaintiff and will be affirmed. All concur.