J. W. BOWMAN, Defendant in Error, v. BEN S. STROTHER, Plaintiff in Error.

Kansas City Court of Appeals, May 23, 1910.

USURY: Criminal and Civil Statute. Though a criminal statute makes the act of receiving usury a misdemeanor and punishes the act, yet if the civil statute fixes the status of usurious contracts by providing the penalties to be inflicted in civil actions upon them, the latter statute governs and the contract is not void.

Error to Jackson Circuit Court.—*Hon. D. H. Cecil,*
*Judge.*

AFFIRMED.

*Sam B. Strother, R. B. Kirwan* and *George B.
Strother* for plaintiff in error.

*Cook & Gossett* for defendant in error.

ELLISON, J.—Plaintiff's petition is in two
counts, one on a note for six thousand dollars and one
on a note for four thousand dollars. The judgment
was for plaintiff on both counts in the trial court.

The parties hereto make charges against each
other of being guilty of unconscionable usury, it be-
ing stated by defendant that plaintiff's excessive
charges for the use of money had caused his financial
failure, and the plaintiff answering with the charge
that defendant had borrowed the money from him for
usurious purposes. We cannot concern ourselves with
those things further than the charge of usury against
plaintiff may affect his right to recover in this action.

Conceding that there was evidence tending to prove
that plaintiff received interest on the notes at a rate
in excess of two per cent per month, how will that af-
fect plaintiff's right to recover? Defendant insists that
if more than two per cent a month was charged him,
the notes are void and no amount could be recovered.
He bases this on the ground that the statute (sec. 2358,
R. S. 1899) forbids receiving or exacting interest in
excess of two per cent per month and makes such act a
misdemeanor. He calls our attention to the principle
of law that a contract forbidden by statute and the
making of which is a misdemeanor, is absolutely void,
citing Downing v. Rieger, 7 Mo. 585, and Tri-State
Amus. Co. v. Amusement Co., 192 Mo. 404.

That proposition of law is not denied by plaintiff. He, however, contends that in civil action the statute on the subject of interest provides the remedy for such illegal charge, in so far as it may affect the civil judgment to be rendered. That statute (sec. 3709, R. S. 1899) is that whenever usurious interest is charged, all of it in excess of the legal rate shall be deemed a payment on the principal.

Putting this criminal and civil statute together, we find that whenever in a civil action usury, whether in a greater or smaller rate, is charged, the amount in excess of a legal rate is deemed a payment upon the principal debt, and it is directed to be credited on the debt. The criminal statute does not supersede the civil remedy; it is merely supplementary thereto. So that when the usury charged is so great as to be in excess of two per cent a month, there may also be added a punishment by way of criminal prosecution.

. The question here decided has been before this court on two other occasions when we announced conclusions in keeping with what is here said. [Waite v. Bartlett, 53 Mo. App. 378; Seaver v. Ray, 137 Mo. App. 78.]

Something is said by defendant as to his having filed a petition in bankruptcy in the Federal court, since this case was begun in the State court. Nothing is alleged as to bankruptcy in the pleadings and we have no means of knowing anything about it; and cannot see how such alleged proceeding can affect the question whether the judgment of the trial court in this case should be affirmed or reversed. The bankruptcy matter seems to have come into the case during the trial in an incidental or collateral way to show an admission of this defendant, and statements of counsel as to the status of the defendant in the bankruptcy court are put in the record in parenthesis, saying that he had not been discharged, etc. But we cannot discover anything

that would authorize us to take cognizance of the matter.

We think defendant's point as to proof of agency of plaintiff's agent, is not well taken.

The judgment is affirmed.  All concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—It is stated in the foregoing opinion that nothing is alleged in the pleadings as to bankruptcy proceedings.  Our attention is now called to the fact that an amended answer does contain this statement: "Defendant has been adjudged a bankrupt in the Federal Court but not yet discharged."  It only appears in the answer of one of the defendants and is an isolated sentence, disconnected from anything preceding or succeeding it.  It could not in any way affect our conclusion in the case.  The record shows that the bankruptcy proceedings were instituted after this action was begun, and that defendant was refused a discharge.  Something was said about a motion to set this refusal aside, but nothing of that kind was shown at the trial.

But defendant asks us to certify the case to the Supreme Court because of this.  It is said that "an Act of Congress is involved," and that the Supreme Court has exclusive jurisdiction.  Our jurisdiction does not depend upon whether the construction of an Act of Congress "is involved."  It is only where the *"validity"* of an Act of Congress "is drawn in question."  No one in this case has challenged the *validity* of an Act of Congress.  [Live Stock Com. Co. v. Ry. Co., 157 Mo. 518; Carlisle v. Ry. Co., 168 Mo. 652; Vaughn v. Ry. Co., 145 Mo. 57; Lail v. Pac. Ex. Co., 81 Mo. App. 232.]

But, aside from the foregoing, this case was pending in the Supreme Court, and that court adjudged the jurisdiction to be in this court and ordered it transferred here.

Motion overruled.