Thelma Mae **ANDERSON**, Respondent,

v.

Fred **CURLS** and Thurby Braggs, Appellants.

No. 22657.

Kansas City Court of Appeals.

Missouri.

Jan. 6, 1958.

Donald F. Price, Kansas City, for appellants.

R. C. Southall, Southall & Southall, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal from the judgment rendered in a suit in equity in favor of plaintiff-respondent, Thelma Mae Anderson, against defendants-appellants, Fred Curls and Thurby Braggs, which held the transaction in question to be usurious, cancelled a certain note and the deed of trust securing it, and enjoined them and John L. O'Brien, the trustee, under the deed of trust, from the foreclosure and sale of plaintiff's home. As will be apparent from the discussion of the issues before us on this appeal, title to real estate is not involved within the meaning of Section 3, Art. V, Constitution of Missouri, V.A.M.S., and this court has jurisdiction. Boesel v. Perry, Mo.Sup., 262 S.W.2d 636 and cases cited therein.

Plaintiff, a divorced colored lady was faced with the need of obtaining a loan of $200 to defray the expense of entering her four children in school and to pay medical bills incurred in her hospitalization for cancer. Without going into the details of the lengthy and varied testimony of the parties, the essence of plaintiff's position as contained in her petition and testimony

is that she solicited a $200 loan from defendant Curls, a realtor, who said he would obtain such a loan for her. He then had her sign a $400 note at 6 percent interest, payable to a straw party, secured by a second deed of trust on her home, and paid her only $175 in return. Thereafter, she fell in arrears on the payments called for in the note, and was faced with foreclosure and sale of her home. Defendant Curls' position essentially is that he advised her he could not obtain a loan for her, but would undertake to sell her note in the sum of $400 and securing second deed of trust for 50 percent of its face value. His testimony is that he sold this note to defendant, Thurby Braggs for $200, deducted a $20 selling commission and a $5 recording fee, and turned the balance, $175, over to plaintiff. Braggs turned the note and deed of trust over to Plaza Savings and Loan Association for collection, and when plaintiff fell in arrears took it back and instructed the trustee to proceed to foreclose. The testimony of the parties is highly conflicting. We have examined it carefully and acknowledge that it involves essentially a determination of the credibility of the various witnesses who appeared before the trial chancellor and testified.

In the appeal of an equity case our duty is to review the record de novo, and determine the credibility, weight and value of the testimony and evidence in the case giving due deference to the trial chancellor's findings, particularly where the testimony is close and conflicting, and he saw and heard the witnesses. We do not hesitate to correct any errors he may have made. Our final duty is to affirm the judgment below or to enter or direct such judgment as justice requires. Nixon v. Franklin, Mo.Sup., 289 S.W.2d 82; Peine v. Sater, Mo.Sup., 289 S.W.2d 101; State ex rel. Taylor v. Anderson, 362 Mo. 513, 242 S.W. 2d 66; Browder v. Milla, Mo.App., 296 S. W.2d 502.

As a result of our independent examination of the entire record, giving due deference to the trial chancellor's findings, particularly where the evidence is close and conflicting and he saw and heard the witnesses, we adopt those findings as our own and set them out in substance here as the facts upon which this case will be decided. Cf. Botto v. James, Mo.Sup., 209 S.W.2d 256, 261; Niehaus v. Madden, 348 Mo. 770, 155 S.W.2d 141, 145.

About August 1, 1955, plaintiff asked defendant, Fred Curls for a loan of $200 on the mentioned property and he agreed to arrange such a loan for her. He did arrange such a loan as evidenced by a promissory note dated August 1, 1955, payable to Paul F. and Bertie P. Lane, whereby plaintiff promised to pay the payees the sum of $400 with interest from the date thereof at the rate of 6 percent per annum, payable in monthly installments of $35 per month, and plaintiff gave as security therefor a second deed of trust on the mentioned property with John L. O'Brien at trustee, therein, and dated August 3, 1955. Paul F. and Bertie P. Lane were straw parties and were never at any time owners or holders of the note for value.

Defendant Curls paid plaintiff and plaintiff received from Curls $175 for the $400 note, as evidenced by a check for $175 dated August 4, 1955, signed by Fred Curls and payable to plaintiff. Curls immediately thereafter caused the note to be transferred and assigned by endorsement (without recourse) of the payees thereon to defendant Thurby Braggs, who paid Curls $200 for the $400 note and deed of trust, and who purchased the $400 note and deed of trust with knowledge of all the facts surrounding the making of the same. Curls charged plaintiff $20 as a loan commission and $5 as the cost of filing the second deed of trust, those sums being the difference between the mentioned $200 and the $175 plaintiff received. Plaintiff made three payments totaling $122.50 on the note, the last payment being made on December 2, 1955. Defendant John L. O'Brien, trustee named in the second deed of trust, (and who did not appeal) had no knowledge, actual or constructive, of any transaction between

plaintiff, Curls or Braggs, and was not a party to any transaction between them.

On January 20, 1956, the note was in default and defendant O'Brien advertised to sell the real estate (plaintiff's home) at foreclosure sale. He published the first notice of sale on January 20, 1956, for 21 days thereafter, and during the time of the publication O'Brien was not tendered any additional payments on the note.

On February 1, 1956, plaintiff filed the instant suit, and on February 13, 1956, paid into court $83.58 alleging that sum to be the legal balance due on the note and alleging that any additional sum claimed thereon was usurious. On February 14, 1956, defendants Curls and O'Brien were temporarily enjoined from proceeding with the foreclosure and sale. At the time of the temporary injunction O'Brien had incurred advertising expenses in connection with the foreclosure proceeding in the sum of $64 and was entitled to a trustee's fee of $10 as his claimed reasonable value of his services as provided in the second deed of trust.

The trial chancellor at the same time made and set out certain conclusions of law which we also set out in substance as they form the basis of many of appellant's objections on this appeal, and which we will examine and discuss in connection with appellants' contentions of error. These conclusions of the trial chancellor are: The mentioned promissory note was usurious in requiring plaintiff to pay more than the legal maximum rate of interest, namely, 8 percent of the principal sum actually received by her for the making of the note, (parenthetically, plaintiff does not dispute the validity of the $20 "loan commission" and the $5 "filing cost" charged by Curls) and that defendant Braggs, having knowledge of all the facts surrounding the making of the note and second deed of trust had only the rights accruing to defendant Curls. The sum of $83.58 was legally due on the note on February 13, 1956, and the tender and payment into court by plaintiff on February 13, 1956, of $83.58 was sufficient to cover the amount of the principal and interest legally due but was not sufficient to pay the expenses of $64 incurred by the trustee and the mentioned trustee's fee of $10. Plaintiff did not know the exact amount of the expense incurred by the trustee (not knowing the publication costs or what his service charge would be) and was not required as a prerequisite to bringing her petition in equity to tender to the trustee or to pay into court the amount of these expenses, but plaintiff may be required by the trial chancellor to do equity by paying that sum into court prior to the final decree of the trial court.

The trial court then entered its decree dated December 17, 1956, that plaintiff be given 30 days from that date to pay into court the sum of $74 for the use and benefit of defendant John L. O'Brien, upon the payment of which the said note and deed of trust shall be cancelled and the pending temporary injunction become permanent and defendants be enjoined from selling the said real estate under the deed of trust; that the $83.58 held by the clerk of the court be paid to defendant Braggs after paying therefrom the costs of this suit; and that defendants Curls, Braggs and O'Brien, who had filed counterclaims for certain alleged expenses and damages, recover nothing thereby. The decree also ordered costs of this suit be paid by defendants Curls and Braggs.

Thereafter, plaintiff within the named time paid into court the $74 sum, and a final decree obtained. After their timely but unavailing motion for new trial defendants Curls and Braggs brought this appeal.

Appellants' first contention is that defendant Braggs was a third party purchaser for value of commercial paper, and plaintiff should not be allowed to set up usury as grounds for injunction.

Before taking up this contention of appellants, we wish to acknowledge certain well-established rules. Usury is the exacting, taking or receiving of a greater rate of interest than is allowed by law for the use of money. Personal Finance Co. of

St. Louis v. Endicott, Mo.App., 238 S.W. 2d 51. Bahl v. Miles, 222 Mo.App. 984, 6 S.W.2d 661. Usury is not to be presumed. It must be clearly proved, and the burden of establishing it is on the plaintiff as the one who asserts it. Hansen v. Duvall, 333 Mo. 59, 62 S.W.2d 732; Webster v. Sterling Finance Co., 355 Mo. 193, 195 S.W.2d 509. There is no statute, or law, making the bona fide sale (not the pretext for a loan) of notes usurious however great the discount or however small the price paid. General Motors Acceptance Corporation v. Weinrich, 218 Mo.App. 68, 262 S.W. 425, loc. cit. 428. On the other hand, where there is no sale in good faith but a mere loan, the fact that the note is made to one person who, acting as a conduit, immediately endorses it over to a third person who advances the money, such procedure is not sufficient to evade the usury statute. General Motors Acceptance Corporation v. Weinrich, supra, loc. cit. 262 S.W. 429. Since he takes it with knowledge at the time of its transfer that it is tainted with usury he takes it subject to the defense of usury. General Motors Acceptance Corporation v. Weinrich, supra; 91 C.J.S. Usury § 137(b), p. 737. Ibid, § 19(c), p. 596, note 57.

■ Thus the difficulty of appellants maintaining their contention becomes apparent. The trial chancellor found from the competent evidence that Braggs knew of the facts surrounding the making of the note and the second deed of trust, and we, upon our independent consideration of all the evidence, have accepted that finding as our own. There is no intervening bona fide purchaser for value, and our decision is made absent that consideration. We necessarily conclude that Braggs took the note and mortgage subject to the defense of usury.

Appellants next contend that even though the transaction may be found to be a loan wherein plaintiff borrowed $200 and was required to pay back $400, plaintiff would not be entitled to injunctive relief because she refused to tender the bona fide amount due and brought her action prematurely before any usury was paid.

■ Missouri does not have a statute making real estate mortgages invalid because they exact or call for usurious interest. Cf. Section 408.070 RSMo 1949, V.A.M.S. However, the debtor is not without remedy. Section 408.050 RSMo 1949, V.A.M.S.; Birkhead, Illegal Lending in Missouri, 16 Mo.L.Rev. 251. Usury invalidates that part of the agreement which provides for illegal interest and only the actual debt with legal interest may be recovered. Usury may be pleaded as a defense to prevent the recovery of more than that sum. Ferguson v. Soden, 111 Mo. 208, 19 S.W. 727; Bowman v. Strother, 144 Mo.App. 100, 128 S.W. 848. Thus, usury is held to be a good defense to a suit to foreclose a mortgage for failure to make payment of the illegal interest. Gehlert v. Smiley, Mo.Sup., 114 S.W.2d 1029.

■ It is not necessary for plaintiff to have actually paid all that was legally called for by the note including the then undetermined service charge of the trustee, and publication costs, as a condition precedent to the bringing of her action in equity to prevent the foreclosure of the deed of trust on her home. The general rule is that even though the usurious contract be executory if the debtor is faced with foreclosure and he either pays or unconditionally tenders the full amount that is bona fide due, he has the right to enjoin the sale of his home under the deed of trust. Hecker v. Putney, Mo.App., 196 S.W.2d 442. McClung v. Missouri Trust Co., 137 Mo. 106, 38 S.W. 578; Cavally v. Crutcher, Mo.App., 9 S.W.2d 848. Payment or tender is required because of the long-established rule of equity that he who seeks equity must do equity. 91 C.J.S. Usury § 86.

Although not made a part of the trial chancellor's specific findings, the evidence shows that respondent did, through her

attorney, make tender of the legal amount due on the note and the interest thereon to both Curls and the Plaza Savings and Loan Association, and in her petition again offered to pay any balance legally due on the note. She paid into court $83.58, that being the full amount of principal and interest legally owing on the note. She offered to pay into court the cost of publication and the trustee's service charge, and when advised of the amounts thereof, did pay those two sums into court for the use and benefit of the trustee in accordance with the chancellor's order prior to the issuance of the permanent injunction herein. Under these circumstances, we believe plaintiff has made such tender and payments as to place her in the class of those who are entitled to the aid of the appropriate equitable powers of the court.

Appellants next contend that Curls was not a proper party to the suit and thus the injunction against him should be dissolved. When plaintiff filed her original petition in the cause she named Curls as a party defendant, alleging in effect that he had entered into a usurious transaction with her and thereby had obtained her note for $400 secured by a second deed of trust on her home which he was wrongfully attempting to foreclose through the trustee named therein. At the hearing or the temporary injunction plaintiff for the first time learned through Curls' testimony of Braggs and his position in the matter. Thereafter, she filed an amended petition for injunction making Braggs a defendant also, and asking the court in effect to determine the rights of all the parties. Curls then filed his answer to the petition and also filed a counterclaim asking affirmative relief including damages against plaintiff. Never at any time did he file any motion to be dismissed as not being a proper party, and he did not withdraw or dismiss his counterclaim. Nor did he claim in his motion for new trial that he was not a proper party. Under such circumstances he can-

not now successfully claim that the trial court erred in not having dismissed him from the case as an improper party.

Appellants' final contention is that the trial chancellor erred in assessing the court costs against appellants Curls and Braggs. The complained of taxing of costs against them is contained in the final judgment of the trial court. Appellants failed to file a motion to amend the judgment and opinion so as to retax the costs, and thus give the trial court an opportunity to review his action as to these costs and to correct it if it be error. Nor did appellants mention any such claim of error in their motion for new trial. Section 510.310(3) RSMo 1949, V.A.M.S., provides that upon motion of a party made not later than ten days after entry of judgment, the court may amend the judgment and opinion. This motion may be made with a motion for a new trial.

Failure to call this claimed error of taxing the costs against the wrong party in the final judgment of the court to the attention of the trial court by either of the two appropriate methods, namely, (1) by a motion to amend the judgment and opinion as provided in Section 510.310(3), or (2) by a timely motion for new trial results in such claimed error not being preserved for appellate review. State ex rel. State Highway Commission of Missouri v. Graeler, Mo.App., 303 S.W.2d 944; Supreme Court Rule 3.23, 42 V.A.M.S. Cf. Graden v. Patrick, Mo.App., 162 S.W.2d 287. Since the contention that the trial judge erred in assessing the costs of the case against appellants was not preserved for appellate review, and is not properly before us, we do not review it.

The judgment of the trial chancellor is for the right party and is in accordance with the applicable principles of law and the evidence. It should be and is in all respects affirmed.

All concur.