Joseph Albert GEESLING and Louise Gees-
ling, Appellants,

v.

Julius FLETCHER, Appellee.

No. 2370.

Municipal Court of Appeals for the
District of Columbia.

Argued April 6, 1959.

Decided Sept. 18, 1959.

Harold P. Ganss, Washington, D. C., for
appellants.

Joseph A. McMenamin, Washington, D.
C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In 1956 appellants filed suit in the United
States District Court for the District of
Columbia against appellee seeking damages
of $200,000. Appellee answered and coun-
terclaimed for $203,500. In 1958 the Dis-
trict Court ordered the case certified to the
Municipal Court because the pre-trial judge
was of the opinion that the action would
not justify a judgment in excess of $3,000.[1]

After that action had been certified to
the Municipal Court appellee filed a new
action in the District Court, alleging a set-
tlement and compromise of the damage suit
then pending in the Municipal Court, and
sought an injunction against appellants
from further prosecuting such action. The
District Court granted a preliminary in-
junction and bond was set and posted.
When that case reached the "Calendar
Call" the District Court entered the follow-
ing order:

> "It appearing to the satisfaction of
> the Court at the Calendar Call hereof
> that this action will not justify a
> judgment in excess of Three Thousand
> Dollars ($3,000.00), it is by the Court
> this 28th day of May, 1958,

> "Ordered, that said action be and the
> same hereby is certified to the Munic-
> ipal Court for the District of Columbia
> for trial."

The injunction suit was thereupon trans-
ferred to the Municipal Court. Trial was

1. Code 1951, § 11–756, Supp. VII.

had and resulted in the grant of a permanent injunction, from which this appeal was taken. When the appeal was argued here we sua sponte raised the question of the jurisdiction of the Municipal Court to entertain the action. Supplemental briefs on the jurisdictional question were requested and filed.

The only authority for the District Court to certify a case to the Municipal Court is found in Code 1951, § 11–756(a), Supp. VII, which provides:

"If in any action, other than an action for equitable relief, pending on the effective date of this section or thereafter commenced in the United States District Court for the District of Columbia, it shall appear to the satisfaction of the court at any time prior to trial thereof that the action will not justify a judgment in excess of $3,000, the court may certify such action to the municipal court for the District of Columbia for trial. * * * and the case shall be called for trial in that court promptly thereafter; and shall thereafter be treated as though it had been filed originally in the said Municipal Court, except that the jurisdiction of that court shall extend to the amount claimed in such action, even though it exceed the sum of $3,000."

The instant case sought purely equitable relief, i. e., an injunction, and made no claim for damages or other legal relief. Our question is whether, in view of the language of the Code Section above quoted, the District Court had authority to certify this case to the Municipal Court. If it did not, it follows that the Municipal Court had no authority to entertain it.

We are not here concerned with the questionable right of the Municipal Court to entertain an action whose primary purpose is to obtain equitable relief by way of injunction,[2] but our concern is with the authority of the District Court to certify to the Municipal Court an action brought solely for the purpose of obtaining an injunction.

It seems to us quite clear that the statute authorizing certification by the District Court when "it shall appear to the satisfaction of the court * * * that the action will not justify a judgment in excess of $3,000," must of necessity refer only to actions in which a money judgment is sought, and to that type of case over which the Municipal Court has jurisdiction, i. e., a claim for personal property, debt or damages.[3] For example, prior to enactment of the statute transferring jurisdiction of domestic relations cases from the District Court to the Municipal Court, it was never suggested that the District Court could certify to the Municipal Court an action seeking custody of a child by the mere statement that such action would not justify a judgment in excess of $3,000. Such an action, of course, would have sought no money judgment in any amount, and neither does the present action.

Any possible doubt on the question would seem to be clearly removed by the language of the statute that "any action, other than an action for equitable relief," may be certified to the Municipal Court. If those words have any meaning, it is simply that the authority of the District Court to certify cases to the Municipal Court does not extend to actions for equitable relief, and we know of no action more typical of one for equitable relief than one which seeks an injunction.

With due deference to the District Court, we must hold that it lacked authority to certify the present action to the Municipal Court and consequently that the Municipal Court lacked jurisdiction to hear it.

Judgment reversed with instructions to refuse to entertain the action for lack of jurisdiction.

2. Sheherazade, Inc. v. Mardikian, D.C. Mun.App., 143 A.2d 512.

3. Code 1951, § 11–755.

QUINN, Associate Judge (concurring only in the result).

This case was originally assigned to me. In my opinion I maintained that the Municipal Court should have dismissed the action for lack of jurisdiction, in view of the wording of the statute. My colleagues now go further and hold that the United States District Court lacked authority initially to certify this case to the Municipal Court. In effect, they are assuming appellate review of the District Court, which I contend we have no authority by statute or otherwise to do. Under existing law that function rests solely with the United States Court of Appeals for this circuit. Here we have a rather unique situation of a legislative court reversing a constitutional court. If this can be done, then this court should recertify the case back to the District Court. I believe my colleagues will agree with me that we have no such authority. It is only for the purpose of avoiding any contribution to the idea that this court can reverse the District Court that I have said this much.