McKESSON AND ROBBINS, INC.,
Plaintiff-Respondent,

v.

John G. OESTERLE et al., Defendant-Appellant.

No. 23794.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

George M. Hare, James L. Gillham, Independence, for appellant.

Sam D. Parker, Joseph E. Stevens, Jr., Lathrop, Righter, Gordon & Parker, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, McKesson and Robbins, Inc., sued defendants, John G. Oesterle, Dean Henderson and Ronald Freemeyer. The purpose of the suit was to establish the priority of plaintiff's mortgage lien, executed by Oesterle, over two mortgage liens on the same property, executed by Oesterle and held by Freemeyer and Henderson, respectively. Judgment was for plaintiff, decreeing that its lien was valid and superior to the liens held and asserted by Freemeyer and Henderson, ordering the property sold and the proceeds, above costs, applied first, to retire the plaintiff's claim in the total amount of $5961.25; then to payment of the Freemeyer claim, in the amount of $2250.00; then to payment of the Henderson claim in the amount of $3900.00. Any remaining balance was to be paid to Oesterle. From this judgment defendant Freemeyer, alone appeals.

Defendant Oesterle purchased certain drug store fixtures from plaintiff. On November 17th, 1959, plaintiff's sales department reported that installation was com-

plete. However, it was later learned that this was not correct. Further credit was extended, the last item furnished being in the amount of $49.50, on December 24th, 1959. On January 4th, 1960, Oesterle executed a chattel mortgage to plaintiff pledging the items purchased as security for the remaining balance of the purchase price. This mortgage was filed in the Jackson County Recorder's office on January 15th 1960, by plaintiff's agent, who did not search the records to ascertain if other mortgages constituted prior liens.

On December 12th, 1959, defendant Freemeyer loaned Oesterle $2250.00 in cash and advanced premium money for insurance. This loan was evidenced by a note in the amount of $2250.00 and secured by a chattel mortgage covering the same property described in plaintiff's mortgage. It was filed in the office of the Recorder of Deeds on January 8th, 1960. Freemeyer stated that he did not know at the time the loan was made, that Oesterle did not have the money to pay the balance of the purchase price of the merchandise purchased from plaintiff although he knew that a part of this loan would be used to make a down payment thereon.

On March 10th, 1960, Oesterle executed a note payable to defendant Henderson, his father-in-law, secured by a chattel mortgage on the merchandise sold by plaintiff. This mortgage was filed March 11th, 1960. Henderson did not appeal from this judgment.

Oesterle was, eventually, declared a bankrupt and the trustee in bankruptcy abandoned the property herein to the mortgage holders.

■■■ Plaintiff contends, among other things, that Freemeyer's mortgage is usurious and void. The defense was not pleaded but some evidence was adduced thereon. The trial Court heard the evidence and, in effect, ruled adversely to this contention by declaring the mortgage a valid lien prior to that of Henderson. It does not appear that such ruling is clearly erroneous. It is supported by substantial evidence. Usury is not to be presumed. It must be clearly proved and the burden of establishing it is on the plaintiff. Anderson v. Curls (Mo.. App.) 309 S.W.2d 692, 696. Freemeyer's testimony was that the note secured by the chattel was for money and for insurance premiums. There was no evidence as to the amount of insurance premiums charged and included in the note. Plaintiff failed to carry the burden of proof required of it, because the evidence was unclear as to the exact amount of interest that was charged.

In this action plaintiff sought to have its mortgage declared to be a prior lien to that of Freemeyer and Henderson. It rests its right to such relief on Section 443.-460, V.A.M.S., as amended in 1959. The pertinent portion of that section is as follows:

"No mortgage or deed of trust of personal property hereafter shall be valid against any creditors *who acquire a lien* by judicial proceedings, or subsequent purchasers, *mortgagees,* encumbrancers and pledgees on such personal property, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or *cestui que trust, or unless the mortgage or deed of trust be acknowledged or proved and recorded* in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law recorded, *or unless the mortgage or deed of trust,* or a true copy thereof, *shall be filed in the office of the recorder of deeds* of the county where the mortgagor or grantor executing the same resides * * *".

The Freemeyer instruments were executed on December 12th, 1959, but the mortgage was not filed in the office of the Recorder of Deeds until January 8th, 1960. On December 24th, 1959, plaintiff extended its last credit to Oesterle and, on January

4th, 1960, took a note and chattel mortgage covering the entire balance of Oesterle's indebtedness to it. This mortgage was filed on January 15th, 1960.

The record does not disclose any agreement between plaintiff and Oesterle as to how, when, or in what manner the balance due plaintiff, over and above $2500.00 paid prior to delivery, was to be paid. Nor does the record disclose the value of the goods delivered prior to November 17th. It does disclose that some merchandise was delivered after November 17th, the last item being delivered on December 24th, 1959. On January 4th, 1960, the balance due was agreed on and a chattel mortgage and note was executed therefor.

The Court, in In re Bothe, 8 Cir., 173 F. 597, 600, in speaking of this section of our statutes, reviewed the cases thereon and reiterated its previous ruling made in First National Bank v. Connett, 8 Cir., 142 F. 33, 5 L.R.A.,N.S., 148. The Court said:

"The sweeping character of its provisions at once attracts attention. Under this statute it has been held that where possession is not taken an unrecorded chattel mortgage is fraudulent and void in law as to every one, excepting trespassers, parties to the instrument, *and general creditors whose demands arose prior to the time it was given; nor as to such prior creditors is it valid if by proceedings in court or otherwise they have secured a lien upon the property before it is recorded.*"

The Court further said:

"Until the mortgage was recorded it was absolutely void as to these special (prior) creditors. Their (prior creditors) superior rights arose against the property of their debtor while the mortgage was thus void, and to hold that such rights were lost *before they had an opportunity to assert them,* before they even knew of the existence of the mortgage, is a palpable absurdity.

* * * Such creditors (prior) who parted with nothing on the faith of their debtor's ostensible ownership of unincumbered property, are required to take some steps *to fix a lien* upon the mortgaged property *prior* to the recording of the mortgage in order to secure equitable standing. Until then they have no equitable right or claim enforceable in a court of equity".

In this case, plaintiff was a prior creditor, at least as to probably a major portion of its claim. Under the above ruling, it had no equitable rights as to this portion of its claim enforceable in Court until and unless it took some steps to fix a lien on the property prior to the recording of the Freemeyer mortgage. It took a note and a mortgage before the Freemeyer mortgage was filed. If it had filed its mortgage for record prior to January 8th, 1960, it would have thereby acquired an enforceable prior lien. However, plaintiff's mortgage was void as to Freemeyer until it was recorded, which was not until January 15th, eleven (11) days after it was taken and three (3) days after the Freemeyer mortgage was recorded. In re Bothe, supra.

A mortgage filed within a reasonable time after its execution relates back to the date of execution. What is a reasonable time depends on the circumstances of each particular case. All of the parties in this case resided in Jackson County. No explanation appears in evidence for the delay in filing by plaintiff and Freemeyer. It is sufficient to say that a delay of eleven (11) days by plaintiff, under the circumstances shown, was an unreasonable time. In re Billings, D.C., 170 F.Supp. 253, 256. The mortgage became effective on January 15th, after Freemeyer's mortgage was validated.

The judgment is reversed and the cause is remanded with directions to determine the amount of plaintiff's claim that accrued

by way of goods furnished to Oesterle after December 12th, 1959, and decree a lien in said amount in favor of plaintiff as being prior to the lien of Freemeyer; next, to decree a lien in favor of Freemeyer for the full amount due him; next, decree a lien in favor of plaintiff for all sums due him for goods furnished Oesterle prior to December 12th, 1959; and, lastly to decree a lien, subject to the above, in favor of Henderson; and to make such other orders and judgments as may be proper in the circumstances.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.