## RUSHING v. WILLINGHAM.

1. An assignment of error in a bill of exceptions can not be considered by the court where it clearly appears from the transcript of the record that the ruling complained of was not excepted to within the time required by law, although the contrary is stated in the bill of exceptions.

2. Alleged errors in admitting testimony in a case can not be considered when the record does not disclose that the party complaining made any objection at the time of the admission of such testimony.

3. Where the parties in their contract only intend to charge the legal rate of interest, but by inadvertence or mistake in calculation there is included in the contract interest amounting to a few cents more than the legal rate, the contract is not thereby rendered usurious.

4. There was no material error in the charges of the court complained of on the subject of voluntary conveyances by a person insolvent at the time being void as against creditors.

5. The evidence was sufficient to sustain the verdict in this case, and there was no error in overruling the motion for a new trial.

Argued June 10, — Decided July 23, 1898.

Attachment. Before Judge Felton. Houston superior court. October term, 1897.

Willingham súed Rushing under the Civil Code, § 4543, for $700 principal, and interest at eight per cent. from maturity, upon defendant's promissory note due October 15, 1895, alleging that on February 1, 1895, defendant purchased of the plaintiff three mules and borrowed from him $500 with which to make crops of cotton, corn, and other produce on his farm for the year 1895, and gave plaintiff said note, plaintiff selling the mules and advancing the money in full faith that defendant would meet the same at maturity; that defendant has concocted a scheme to defeat plaintiff and other creditors in the payment of their debts, for on October 18, 1895, he procured the Georgia Loan and Trust Company to make a quitclaim deed to his wife to certain land then owned by him and in his possession, to which he had previously given that company, as security for a debt of $1,100, a defeasible deed or mortgage, the deed to his wife reciting that he had sold the land to her, transferring to her the bond for titles given by the company, and that she had fully paid for the land; that the loan was not paid to the company by

Mrs. Rushing, but was paid by defendant out of the proceeds of the crop which plaintiff had enabled him to produce by the sale of the mules and the loan of the money as stated; and that defendant has sought by this scheme to defeat plaintiff in the collection of his debt, and has thus conveyed and concealed his property liable for the payment of his debts, for the purpose of avoiding the payment of the same. Defendant traversed the ground of attachment; and pleaded that the debt was usurious, because the consideration of the note was three mules valued at $150, payable October 15, 1895, without interest, and $520 in cash borrowed, due October 15, 1895; that the note included the interest on the $520 from February 1, 1895, the date of the note, to October 15, the interest agreed on being thirty dollars, of which fifty-four cents is usury, $29.46 being what the interest would amount to at eight per cent.

The jury found against both defenses; and defendant excepted to the overruling of his motion for a new trial, and of his motion to dismiss the attachment because the petition for attachment was addressed to the superior court, and not to the judge. The record shows that the last-mentioned ruling was not excepted to within the time required by law, although the contrary is stated in the bill of exceptions. The grounds of the motion for new trial were, that the verdict was contrary to law and evidence; and that the court erred: In "refusing to admit" the answer of B. H. Ray to the interrogatory: "What property or thing of value was pledged to the Exchange Bank as security for said loan?" the answer being: "Cotton receipts for cotton stored in my warehouse." The objection was, that the cotton receipts were the best evidence of what cotton was stored, and where stored. And in charging the jury: (a) "The plaintiff contends in this case that under the evidence submitted by him, the conclusion is irresistible from the evidence that there was no intention between the parties to charge, reserve or take any usury, that is to say, any greater rate of interest than eight per cent., and if there was an amount of 54 cents placed in the face of the note, it was not placed there as usury, intended to be contracted for, reserved, or taken for the use of the money had in the case, but that it went in by inadvertence and uninten-

tionally. If you believe that is the case, and believe there is an error in calculation to that extent, and that there was not in the case any usury established as having been taken or reserved or contracted to be taken, but that was an error of 54 cents placed in the face of the note by an error of calculation and unintentionally, then the form of your verdict in that case would be, 'We the jury find for the plaintiff the sum of $699.46 with interest from October 15, 1895, at the rate of eight per cent. per annum, and we further find against the plea of usury.'" (b) " If in this case you believe that J. W. Rushing transferred to his wife a bond for title to the property levied upon in this attachment, which is that real estate, and that at the time owed that wife $450, and that transfer for that bond for title which had been given him by the Georgia Loan & Trust Co. for that land for its reconveyance upon the repayment to them by him of the loan, and that bond for title was transferred by the defendant J. W. Rushing to his wife to secure the payment by J. W. Rushing of that $450 to his wife, and an agreement that subsequently he was to discharge and pay off that loan out of his money out of the crops raised and produced by him, and subsequently to that time J. W. Rushing became indebted to various people and was insolvent at the time he procured a loan upon his crop, which loan was subsequently repaid by a sale of those crops, and, in order to carry out his previous verbal agreement with his wife to pay off that loan, he took the money so borrowed on his cotton and turned it over to his wife for the purpose of paying off that loan, and in pursuance of that purpose his wife paid off that loan, and under that agreement the trust company, having the legal title to the property in consequence of the execution of the previous defeasible deed in 1890, by agreement between Rushing and his wife, conveyed that property to Mrs. Rushing, and at that time, that is to say at the time of the payment of the loan with money raised in that way, Rushing was insolvent (and insolvency means a condition where a man does not have a sufficiency of property to pay his debts, the law says an ample sufficiency of property to pay his debts), then that deed so made by trust company to Mr. Rushing would be void." (c) " If the defendant J. W. Rushing, being insolvent, gave

money belonging to himself to his wife to pay a debt due by him to the Georgia Loan & Trust Company, to. secure which they held a deed to his land, and she with said money by his assent paid off said loan and had said Georgia Loan & Trust Company convey said lands to her, said conveyance is void as to his creditors,— that is the same proposition I have just given you, and the attachment should be upheld." (d) "If the said J. W. Rushing was not insolvent at the time he gave his wife said money, but said gift made him insolvent, that is to say the gift of the money with which to pay off the loan, taken together with the conveyance of his property previously by transfer of the bond for title, then the conveyance made as above would, as just stated, equally be void, and said attachment should be upheld." (e) " If you believe J. W. Rushing owed his wife $450 with interest from 1890, and the money he gave her on said day was greater than $450 with interest upon it, then such excess was a gift; and if he was then insolvent, or said gift made him insolvent, then the conveyance so procured to her was void and the attachment should be upheld." The motion has other grounds in which it is complained that the court erred in the admission of evidence, but it is not stated that objection to this evidence was made at the trial.

*M. G. Bayne,* for plaintiff in error.
*Hardeman, Davis & Turner,* contra.

LEWIS, J.   1. Plaintiff assigns error in the bill of exceptions in overruling his motion to dismiss the attachment.   It does not appear that exceptions pendente lite were taken on this ruling of the court.   It appears from the record that this writ of error was sued out some two months or longer after the judgment of the court complained of; and while the bill of exceptions states that error thereon was assigned within the time allowed by law, yet in case the record shows the contrary, the latter will control. *Dismuke* v. *Trammell,* 64 *Ga.* 428.

2. A number of grounds are taken in the motion for a new trial, alleging error in admitting certain testimony, but the record fails to disclose that the party complaining made any objection at the time such testimony was admitted.   Under repeated

rulings of this court, we can not consider such grounds in the motion for a new trial. Error is assigned in *refusing* to admit the answer of B. H. Ray to a certain interrogatory, on the ground that there was higher evidence of the fact testified to. We presume that this was a mistake in the draftsman, or in copying the motion in the record, and that he did not intend to use the word "refusing," but intended to object to the admission of the testimony. But even if there was any error in admitting this testimony, it was cured by legal proof of the fact from the testimony of the defendant himself when he was upon the stand.

3. It is very clearly disclosed by the testimony in the record that the excess in the note, which was the basis of this suit, of a few cents above the legal rate of interest was merely through inadvertence or mistake when the calculation of interest was made and embodied in the face of the note. There was manifestly no intent to violate the law of usury, and the charge of the court upon this subject complained of was proper. "To rebut the presumption of usurious intent arising from the taking or reserving of interest greater than the legal rate, it is always competent for the party to show that the excess was the result of an honest mistake, and that there was in fact no intentional agreement for usury. Such mistakes most frequently occur in the computation of interest for fractional parts of a year; and whenever the creditor can show where the mistake occurred, and that he acted in good faith, the charge of usury is thereby rebutted. It is usually a question for the jury, whether a sum in excess of lawful interest was taken through an honest mistake, or corruptly." 27 Am. & Eng. Enc. L. 970, and citations. The excess of interest claimed in this case being a very small fractional part, scarcely appreciable, we think, apart from the rule above laid down, we might say, as did Justice Simmons (now Chief Justice) in *Lowry Banking Co.* v. *Abbott*, 87 *Ga.* 134, "De minimis non curat lex."

4, 5. It is unnecessary to deal separately with the several grounds in the motion complaining of charges of the court. If there.is any error at all in any portion of the charge, it is so immaterial as not to authorize the grant of a new trial. The

entire charge fairly submitted to the jury the contentions of the
parties and the issues involved.    The evidence was amply suf-
ficient to sustain the verdict.

    *Judgment affirmed.    All the Justices concurring.*