## BELLERBY v. GOODWYN.

To constitute usury, it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge, for the use of money, a higher rate of interest than that allowed by law. There being in this case no evidence that any such intent existed in the mind of the plaintiff when the loan was made, the verdict finding the contract to be usurious was unwarranted, and consequently the trial court erred in not granting a new trial.

Argued November 3, — Decided November 28, 1900.

Complaint. Before Judge Reagan. Monroe superior court. March 26, 1900.

*Steed & Ryals, Hall & Wimberly,* and *Cabaniss &. Willingham,* for plaintiff. *Robert L. Berner,* for defendant.

FISH, J. John Bellerby sued Charles O. Goodwyn on a promissory note with attached interest coupons, and, in addition to a general judgment, prayed for a special lien on certain lands described in a deed given as security for the debt. On the trial the only plea relied upon by the defendant was, that "said debt is infected with usury in manner and form as follows: the note sued on in this instance bears date January 1st, 1891, but in truth and reality this defendant never received said money until about the 15th of February or the first of March, and defendant insists that the interest which accrued from the first day of January until the reception by him of the money was usury, and the amount thus accruing was $40.00; that the defendant received no benefit directly or indirectly from the loan of this money from the first day of January to the said 15th day of February, and it was the purpose of the parties lending the same, by this method of delay, to receive a larger sum of interest than that permitted by the laws of the State." The jury rendered a verdict in favor of the plaintiff for the amount claimed, but found there was usury in the transaction, and that plaintiff was, therefore, not entitled to a special judgment against the land. Plaintiff excepted to the judgment overruling his motion for a new trial, which brings the case here for review. While the motion for a new trial complained of the rejection by the court of certain evidence offered by the plaintiff, we think that the case turns upon the question whether there was any evidence to support the verdict sustaining the plea of usury. The record shows that in December, 1890, Good-

wyn made application to Lawton & Smith, who were in the busi-
ness of negotiating loans, to procure for him a loan of $5,000.00,
for five years, at eight per cent. interest per annum, offering to se-
cure the loan with a deed to certain described lands, and agreeing
to pay Lawton & Smith a certain commission and all expenses of
negotiating the loan, such as examining the premises offered as se-
curity and investigating the title thereto, etc.   Bellerby accepted
the application, upon the terms named therein, and in pursuance
of such agreement Goodwyn gave his note for $5,000.00, dated
the 1st of January, 1891, and payable to Bellerby on January 1st,
1896.   To this note were attached five interest coupon notes of even
date therewith, each for $400.00 and due, respectively, on the first
day of January each year until the maturity of the principal note.
On the same date Goodwyn gave to Bellerby a deed to the lands
described in the obligation, as security for the loan.   Goodwyn did
not receive the money, however, until about the middle of Febru-
ary, 1891; and he testified that a short time prior to the maturity
of the first interest coupon he received from Lawton & Smith a no-
tice informing him that his interest note for $400.00 would be due
the first of January, 1892, and a request to forward them the
money; that, failing to do so, he received, about the eighth or tenth
of January, 1892, a second request from them that he pay the
$400.00 due on such interest note, and that, upon complaint made
by him to Anderson, the local correspondent, at Forsyth, of Law-
ton & Smith, a reduction of about $40.00, he thought, was made on
this note.   The undisputed evidence conclusively demonstrates that
Bellerby, the plaintiff, was in nowise responsible for the delay in
the delivery of the money to Goodwyn.   It appears that Goodwyn
had obtained a prior loan upon the same lands, and that the delay
in obtaining the money on the last loan was caused by his failure
to pay certain amounts due upon the prior loan, and thus remove
an incumbrance on the lands, and also by his failure to have a com-
plete abstract of the title to the lands perfected and to pay the com-
missions which he had promised to Lawton & Smith for negotiat-
ing the last loan.   The uncontradicted testimony of Smith, of the
firm of Lawton & Smith, and of the bookkeeper and the clerk of the
firm, was to the effect that it was the intention of Lawton & Smith
to have this first coupon note credited with the interest on $5,000
at the rate of eight per cent. per annum, from January 1st, 1891,

until the date that Goodwyn received the money on the loan, but that the credit was not made by reason of the oversight of the clerk. It was further shown that such a credit had been made, at the time Goodwyn received the money, on a book kept by Lawton & Smith for the registering of coupons on loans negotiated by them; that in a statement of the amount of Goodwyn's account, made by Lawton & Smith in October, 1892, the sum due on the coupon which matured January 1, 1892, was stated to be $351.11; and that Goodwyn never paid more than that sum on such coupon. Under these facts, we are clearly of the opinion that there was no evidence to support the verdict finding in favor of this plea of usury. As the plaintiff did nothing to cause the delay in the reception of the money by the defendant, it certainly could not have been à device or scheme upon his part to charge usury. The intention, at the time of the transaction, to charge more interest for the use of money than the law allows, which is an essential ingredient of usury, was not shown to have existed in this case. The mere fact that, while the note for a full year's interest was dated on the first of January, 1891, the defendant did not receive the money until the middle of February thereafter, would not, of itself, be sufficient to sustain this plea of usury, although it might be a good reason why the plaintiff, if he endeavored to do so, could not collect the full amount of this interest note. The burden was upon the defendant to prove the specific charge of usury pleaded, and we are of opinion that he wholly failed to do so. The court erred in refusing to grant a new trial.     *Judgment reversed. All the Justices concurring.*