### LOGANVILLE BANKING COMPANY *v.* FORRESTER.

The reserving of interest in advance by a bank at the highest legal rate of interest on a loan, whether it be a short or long-term loan, is usurious; and a deed to land given to secure a promissory note for the loan is void on account of the usury.

APRIL 13, 1915.

The Court of Appeals (in Case No. 5662) requested an instruction from the Supreme Court in answer to the following questions:

(1) Does the taking or reserving of interest in advance by a bank at the highest legal rate on a short-term loan render the contract usurious within the purview of section 3427 of the Civil Code, so as to make null and void a deed to realty, given to secure the payment of a promissory note representing the amount of such a loan?

(2) What would be the maximum length of time in which a loan could run and still be a "short-term loan," on which interest at the highest legal rate could be taken in advance?

(3) Is the taking of interest in advance at the highest legal rate for a period of 9 months and 11 days usurious, or is such a loan relieved of the taint of usury because of being "a short-term loan"?

J. H. Felker, for plaintiff.

R. L. Cox and Orrin Roberts, for defendant.

Evans, P. J. The legal rate of interest in this State is seven per centum per annum, but the parties may stipulate in writing for a higher rate, not to exceed eight per centum per annum. Our statute defines usury as "the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." Civil Code (1910), § 3427. The code (§ 3436) further declares: "It shall not be lawful for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." All laws respecting the rate of interest charged for the loan of money by individuals are applicable to banks. Civil Code (1910), § 2336. Titles to property made as a part of an usurious contract or to evade the laws against usury are void. Civil Code (1910), § 3442. That interest at the highest legal rate can not be reserved in advance in loans extending over a year will not be controverted. Numerous decisions establish that proposition. Is there any proper ground of differentiation between reserving interest at the highest legal rate on long-term loans and in taking such interest in advance on short-term loans, within the purview of our statutes? It has been stated, in the course of the argument in several of the opinions of this court, that the taking of interest in advance on short-term loans in the usual and ordinary course of business is not usurious. McKenzie v. Flannery, 90 Ga. 591 (5), 599 (16 S. E. 710); Union Savings Bank v. Dottenheim, 107 Ga. 606, 614 (34 S. E. 217); McCall v. Herring, 116 Ga. 235, 243 (42 S. E. 468). On the other hand, it has been strongly intimated that the statutes respecting interest and usury apply alike to short and long-term loans. Howell v. Pennington, 118 Ga. 494 (45 S. E. 272). But the observations in those cases are obiter dicta, and the proposition is res integra in

this State. *Patton* v. *Bank of LaFayette,* 124 *Ga.* 965 (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639).

In many jurisdictions a rule has been evolved that interest may be taken in advance on short-time paper without rendering the transaction usurious. This rule of law is said to have arisen out of the custom and practice of banks. Webb on Usury, § 111; Tyler on Usury, 298. A very interesting history of the legislation respecting interest and usury in England and in the State of Georgia will be found in the opinion of Mr. Justice Cobb, in *Union Savings Bank* v. *Dottenheim,* supra. In England by the Statute of 12 Anne, 5 per cent. was the maximum rate of interest, and all bonds and assurances for the payment of any money to be lent, whereby a greater sum was reserved or taken for interest, were declared void. The practice grew up for bankers to require payment of bank discount in addition to the highest rate of interest. In *Auriol* v. *Thomas,* 3 T. R. 62, it was held that in the discount of bills a banker may take more than the highest legal rate, if the excess be taken only to defray the expense of remittance, provided such excess be reasonable and that it be not a cover for usurious interest. If the transaction was not a discount in the way of trade, but was merely employed as a means of obtaining more than the legal rate of interest, it would be usurious. *Marsh* v. *Martindale,* 3 Bos. & P. 154. The rules and practices of banks in this regard were extended to transactions between individuals and to paper not negotiated at a bank. The extension of the custom of banks to individuals is not allowable on any proper basis of logic, and is defensible only on the principle of uniformity. In this connection it may be well to notice that our statute applies the laws of interest and usury as affecting individuals to banks, and this affords strong ground for the conclusion that banks can not engraft on the law any usage or custom of banks variant with the law of usury. Perhaps a majority of the American courts are in line with the English decisions, and extend to individuals the same privilege of discount, as affecting the interest demanded in advance, as is allowed by the usage of banks. But our statute expressly forbids an increase of the maximum interest rate by way of discount; and usage can not override a positive enactment of law. In some jurisdictions statutes prohibit banks from taking any greater rate of interest or discount on any note or draft or other security than a prescribed rate,

but provide that such interest or discount may be calculated and taken according to established rules of banking. In such cases it is held that the statute permits the taking of interest in advance upon loans made by a bank according to the established rules of banking. Ticonic Bank *v.* Johnson, 31 Me. 414; Sanford *v.* Lundquist, 80 Neb. 414 (118 N. W. 129, 18 L. R. A. (N. S.) 633).

If we follow the words of the statute, there can be no legitimate differentiation of short-term from long-term loans. Interest is compensation for the use of money. In determining whether a greater sum than the maximum rate has been reserved, we look to the amount received and the interest reserved. If the borrower does not receive all of the principal stated in his obligation, because of the reservation of enough to pay the interest, he does not receive the full amount of his loan. The real principal of his obligation is the amount which he actually receives. When he pays the principal as stated in his obligation, from which the maximum rate of interest was deducted in advance, he pays a sum in excess of that which he received, and the interest on it. This is true in both short and long loans, and the only difference is, that, as applied to short loans, the disparity between the sum reserved for interest and the actual interest is not nearly so great as in long loans. The rate of interest and the effect of taking more than the maximum are peculiarly the subject of statutory regulation. Our lawmakers were not content with a simple statement of the rates of interest and a general definition of usury (Civil Code (1910), §§ 3426, 3427), but undertook to denounce as unlawful for any person, bank, or other corporation to reserve or take for any loan of money any rate of interest greater than eight per cent. per annum, either directly or indirectly by way of commission, discount, exchange, or by any contract or contrivance or device whatever. The reference to discount and exchange excludes the custom of banks in making these charges additional to interest in the loan of money. The exclusion does not except short loans, and to make such an exception would be to amend and change the statute, which courts are powerless to do.

To constitute usury it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge for the use of money a higher rate of interest than that allowed by law. *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376). If the intent be to take only legal interest, a slight and trifling ex-

20

cess, due to mistake or inadvertence, will not taint the transaction with usury. *Rushing* v. *Willingham,* 105 *Ga.* 166 (31 S. E. 154). But if the purpose be to take from the money advanced, at the time of the loan, the legal maximum rate of interest, the transaction is an usurious one, and a deed to land given to secure the debt is void by virtue of the statute (Civil Code (1910), § 3442) which declares: "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." *Beach* v. *Lattner,* 101 *Ga.* 357 (28 S. E. 110).

    *All the Justices concur, except Fish, C. J., absent.*