24975. COOK et al. v. YOUNG.
24976. COOK v. YOUNG.

ARGUED DECEMBER 10, 1968—DECIDED JANUARY 9, 1969.

*Archer, Patrick & Sidener, James H. Archer, Jr., R. William Hamner,* for appellants.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellee.

NICHOLS, Justice. The gravamen of the wrong prohibited by the usury laws is not the agreement to pay usurious interest but the "reserving and taking, or contracting to reserve and take . . . a greater sum for the use of money than the lawful interest." *Code* § 57-102.

" 'Under the codified, long recognized maxim that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit" (*Code* § 37-104), a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due.' *Oliver v. Slack,* 192 Ga. 7 (14 SE2d 593)." *Crockett v. Oliver,* 218 Ga. 620 (1) (129 SE2d 806). Thus, in the present cases, where the allegations of the plaintiff's petitions show that he has met the above requirements, and such allegations were admitted in the defendant's answers, it was not error to sustain the plaintiff's motion for a judgment on the pleadings as against the contention that the plaintiff had not come into court with clean hands.

■ The allegations of the answers which allege that the transaction was a "joint venture" and not a loan are without merit. Such defense is based on the ultimate allegation that "said instruments constitute a joint venture between the plaintiff and the defendant rather than a loan, and the laws of usury do not apply." The instruments referred to are promissory notes and deeds to secure debt and nothing more.

■ The defendants admitted the material allegation of the plaintiff's petitions denying only the allegations which had the effect of alleging an intent on the part of the defendants to extract usury.

"To constitute usury it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge for the use of money a higher rate of interest than that allowed by law. *Bellerby v. Goodwyn*, 112 Ga. 306 (37 SE 376). If the intent be to take only legal interest, a slight and trifling excess, due to mistake or inadvertence, will not taint the transaction with usury. *Rushing v. Willingham*, 105 Ga. 166 (31 SE 154)." *Loganville Banking Co. v. Forrester*, 143 Ga. 302, 305 (84 SE 961, LRA 1915D 1195).

The admitted allegations of the plaintiff's petition show an intent to take the amount of interest alleged to have been charged for the use of the money loaned. Such allegations do not show a trifling excess due to mistake or inadvertence but an intent to take interest in one case of fifteen percent and in the other of twenty percent.

It has long been the rule that where the facts show without dispute a device to extract more than the legal rate of interest for the use of money such question need not be submitted to the jury. See *Atlanta Savings Bank v. Spencer*, 107 Ga. 629, 633 (33 SE 878).

Accordingly, where as in the present case the undisputed pleadings show such a scheme, it was not error for the trial court to grant the plaintiff's motion for a judgment on the pleadings under the provisions of § 12 (c) of the Civil Practice Act, supra.

*Judgment affirmed. All the Justices concur.*