## 54052. HOLT v. RICKETT.

BIRDSONG, Judge.

The appellant Holt brings this appeal from the findings, conclusions and judgment of the trial court wherein it ordered judgment in favor of appellee, Mrs. Rickett, based upon a promissory note. It is uncontested that by virtue of several transactions, Mrs. Rickett loaned Holt a total of $19,000. Holt executed a note for $10,000, which he readily admits. Some payments were made on the $19,000 indebtedness, but Holt conceded some amount of indebtedness remained. It is likewise uncontested that Holt's attorney prepared the note and provided for the payment of ten percent interest, a rate in excess of that allowed by the usury laws of this state. Holt did not dispute that Mrs. Rickett was unaware of the usury laws at the time he executed the note. Mrs. Rickett made demand for unpaid principal, interest as authorized by the note, and attorney fees. It was established that Mrs. Rickett had not paid any intangible property tax upon the note during the time it had been in existence. After the taking of testimony had been completed, Mrs. Rickett amended her complaint to allege that she had in fact paid the intangible tax (six days after trial had been completed but before the decision of the trial court).

Holt enumerates as error the award of attorney fees; the allowance of the amendment indicating the payment of the intangible taxes and further the consideration of the evidence of payment by the trial judge; and lastly the allowance of interest because the interest rate was usurious. *Held:*

1. The first enumeration has merit. In substance, Mrs. Rickett sent a letter of notification to Holt informing him that a note was past due and that if he did not make "satisfactory arrangements" within ten days, a default judgment, including attorney fees, would be taken against him. Though there was evidence that the letter was mailed, affirmative evidence was presented that the letter was never delivered, accompanied by an unrebutted assertion by Holt that he did not have knowledge of the letter.

Code § 20-506 (as amended by Ga. L. 1968, p. 317)

authorizes collection, as a part of the debt, of contractual obligations to pay attorney fees on the creditor's giving ten days notice to the debtor. The obligation to pay attorney fees is only a contingent liability and the debtor is not bound to pay them until there is a full compliance with conditions precedent stated in the statute. *Adair Realty &c. Co. v. Williams Bros. Lumber Co.*, 112 Ga. App. 16, 17 (143 SE2d 577) (1965); *Strickland v. Williams,* 215 Ga. 175, 177 (2) (109 SE2d 761) (1959). The purported notice in this case did not comply with the requirements of § 20-506 in that it failed to state clearly that the defendant (Holt) could pay the principal and interest and thereby avoid payment of the attorney fees. Mrs. Rickett also failed to show that proper notice was actually given to Holt. Because of the failure to give a proper notice, the recovery of attorney fees was unauthorized. *Turk's Memory Chapel v. Toccoa Casket Co.,* 134 Ga. App. 71, 72 (213 SE2d 174) (1975).

2. In his second and third enumerations of error, Holt complains that the trial judge erred in allowing an amendment to Mrs. Rickett's petition showing the payment of intangible taxes some six days after the case had been submitted to the judge for decision and in considering as evidence the exhibits attached to that amendment. Ga. L. 1937-1938, Extra Sess., pp. 156, 161 (Code Ann. § 92-125) provides in pertinent part that wilful failure to list intangible property for taxation bars an action upon that property and may be pleaded as a complete defense. The statute also provides that the holder may *at any time* pay the taxes and penalties, if any, and thereupon, without dismissal of the original suit, be relieved of inability to sue or to suffer a complete defense of such a suit. Prior to the decision by the trial judge in this case, Mrs. Rickett alleged without contravention by Holt in his defensive pleadings that she had paid the requisite taxes and penalties. In the absence of a denial, this amounted to an admission of the truth of the allegation. Ga. L. 1967, pp. 226, 230 (Code Ann. § 81A-108 (d)); *Bailey v. Bruce,* 132 Ga. App. 782, 785 (209 SE2d 135) (1974). In substance Holt's original defense that the taxes had not been paid amounted to a plea in abatement and not a plea in bar. The alleged defect having been remedied, the trial

court could and did proceed as if the defect had never existed. *Beets v. Padgett,* 125 Ga. App. 551, 553 (3) (188 SE2d 265) (1972). We do not consider it material that the pleadings were amended six days after the evidence had been submitted. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694 (Code Ann. § 81A-115 (b)); *Leslie, Inc. v. Solomon,* 141 Ga. App. 673, 676 (5) (234 SE2d 104) (1977). Thus under either Code Ann. § 92-125 or Code Ann. § 81A-115 (b), it was proper for Mrs. Rickett to pay the taxes and penalties at any time and amend her pleadings to reflect the situation. Though Mrs. Rickett did not make a formal motion to allow the amendment, she requested an opportunity to address the failure to pay taxes. This right was granted by the trial court. By his findings of fact, he indicated approval and acceptance of the amendment. This enumeration of error is without merit.

3. In his last enumeration of error Holt asserts the rate of interest demanded in the note of ten percent is usurious; therefore, Mrs. Rickett should be limited to a recovery of principal only. If this were the usual usury argument, we would agree with the position taken by Holt. However, as indicated in the evidence and in the findings of fact by the trial judge, the note in this case was prepared for Holt by his attorney. It was uncontroverted that Mrs. Rickett was not aware of the usury laws of the state at the time Holt presented the document to her and executed the same.

The taint of usury does not result from payment, but from the agreement, performed or unperformed. *Martin v. Johnson,* 84 Ga. 481, 486 (10 SE 1092) (1890). Thus, to constitute usury, it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge for the use of money a higher rate of interest than that allowed by law. *Bellerby v. Goodwyn,* 112 Ga. 306, 308 (37 SE 376) (1900); *Loganville Bkg. Co. v.*

*Forrester,* 143 Ga. 302, 305 (84 SE 961) (1915). While this element of usury may be implied if all other essential elements are expressed upon the face of the contract (*Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801, 811 (132 SE 221) (1926)), in this case, the evidence negated any knowledge of or any intent on the part of Mrs. Rickett to exact usurious interest. *Harrison v. Arrendale,* 113 Ga. App. 118, 123 (147 SE2d 356) (1966).

Nevertheless, the face of the note clearly calls for a usurious interest. What impact does the fact that the note requiring usury was prepared by the borrower and presented to the unwary lender? So far as this court can ascertain, there are no Georgia cases dealing directly with this situation. In fact, there appear to be comparatively few cases in which courts have been called upon to determine the effects of the borrower's initiation of a usurious transaction upon the rights or remedies of the parties. However, the view taken by the majority of the courts which have considered the question is that the borrower is estopped to set up the defense of usury and may not claim the statutory penalties for usury. See Perry v. Shelby, 196 Ark. 541 (118 SW2d 849) (1938); U. T. Hungerford Brass &c. Co. v. Brigham, 95 NYS 867 (47 Misc. 240) (1905); 16 ALR3d 510, 512, §§ 2, 3 (a). The trial court concluded upon the facts of this case that Mrs. Rickett was entitled to the payment of interest. On the basis of the logic of the majority of cases which have considered this question (that a borrower fraudulently can defeat the right of collection of interest by an unwary lender), we concur that Holt is estopped to assert the defense of usury as to the interest due upon this note, which he admitted to be owing, at least in part. This enumeration likewise is without merit.

4. Because of the failure of the appellee to give proper notice, the recovery of attorney fees was unauthorized. Upon the condition that the attorney fees be written off upon the filing of the remittitur in the case below, the judgment is affirmed; otherwise reversed.

*Judgment affirmed on condition. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 6, 1977 — DECIDED SEPTEMBER 8, 1977 —

*Johnson & Montgomery, Albert Sidney Johnson, Barry L. Zipperman,* for appellant.

*Harrison, Hendon, Glean, Kovacich & Naughton, Michael Anthony Glean, Davies Owens,* for appellee.