## 58756. SHIER v. PRICE et al.

DEEN, Chief Judge.

Several people, including appellant Shier, appellee's assignor Legum, managing venturer J. Alan Breus and others, entered into a joint venture agreement named Bill Creek Associates, memorandum of which was filed of record, coincidentally with a warranty deed to certain land naming E. Wayne Legum & Associates Inc. by E. Wayne Legum, president, as grantor and Bill Creek Associates, a joint venture grantee. Also executed were a security deed and a promissory note of the same date (the note being the subject of this lawsuit) signed Bill Creek Associates, a joint venture, by J. Alan Breus, managing venturer. The note was in the face amount of $17,410, payable to E. Wayne Legum & Associates, Inc. of equal date with the agreement and deed, calling for payment of interest due on the first, second, and third years from date (June 23, 1973) and payment of accrued interest plus one-third of the principal on the fourth, fifth, and sixth anniversaries of that date. The note was assigned to appellee Price by "E. Wayne Legum & Assoc. Inc. by E. Wayne Legum, Pres." on July 26, 1976. This action on the note was brought in July, 1978, and resulted in summary judgment for Price, the assignee, the grant of which is here enumerated as error. *Held:*

1. Various alleged deficiencies in the promissory note in question are urged as creating jury issues on the validity of the instrument:

(a) *Whether the warranty deed for which this note was given was properly signed.* The warranty deed in question, signed by Legum as president of the grantor corporation, appears to be in order and is supported by the affidavit of Legum to the effect that he is the president and sole stockholder of the corporation. Since it comes under none of the exceptions detailed in Code § 22-203 the question of ultra vires is not before us. The signature is not the subject of any particularized attack and is presumed valid.

(b) *Whether Breus had authority to execute the note on behalf of Bill Creek Associates.* The note is executed in the exact form specified in the joint venture agreement, where authority for this purpose is specifically lodged in Breus. See *Tara Apts. v. C. & S. Nat. Bank,* 149 Ga. App. 577 (254 SE2d 897) (1979). The note and agreement are of the same date and the former will be presumed to have been executed under the authority and contemporaneously with the latter.

(c) *Whether appellee Price is a holder in due course.* Did Price take the instrument for value, in good faith and without notice that it was overdue or that there was any defense to or claim against it by another person? Code § 109A-3—302 (1). Value is established by uncontroverted evidence that the appellee paid $46,706.95 for a group of this and other evidences of indebtedness in a single transaction. Further, where the plaintiff is a holder in due course the defenses urged are not available against him. The note was not overdue although apparently interest had not been paid, since this transfer occurred prior to any obligation on the payor of the note to make a payment of principal. See Code § 109A-3—304 (3) (a); *Srochi v. Kamensky,* 118 Ga. App. 182 (2) (162 SE2d 889) (1968). No defense to the note has been suggested (except those issues dealt with here and which do not amount to a valid defense) and Price swears positively in his affidavit in support of the motion for summary judgment that he has no knowledge of any. A statement that another person has or has not knowledge of a certain alleged fact is not a conclusion. *Etheridge Mtrs., Inc. v. Haynie,* 103 Ga. App. 676 (120 SE2d 317) (1965); all the more is the sworn statement of a party that he himself had no knowledge of a

certain alleged state of facts to be taken as true in the absence of evidence either that such state of facts existed or, if it did, that the affiant knew of it.

The sworn statement by Price that he took the instrument without notice of any claim or defense, where unopposed, is entitled to probative value.

(d) *Whether Legum had authority to assign the note to Price.* The assignment is not by Legum individually but by the corporate owner "by E. Wayne Legum, Pres." and is legally sufficient. See (1)(a) supra.

(e) It is further contended that Price is barred from recovery on the note by the doctrine of laches and estoppel. These defenses appear to have been abandoned; however, we find no grounds for estoppel and the action seeking recovery on a note under seal is one at law as to which the statute of limitation is 20 years. Code § 3-703.

2. Notice in accordance with Code § 20-506 that the provision for 10% attorney fees in the note would be enforced if the principal and interest owing thereon were not received within ten days was included in the complaint. This is a proper notice. *New House Prod., Inc. v. Commercial Plastics & Supply Corp.* 141 Ga. App. 199 (233 SE2d 45) (1977). Where the notice alleges the face value of the note in question plus interest, the fact that the exact amount owing is not also stated does not invalidate it. *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47 (1979). Although not discussed, the same ruling is implied in *Franco v. Bank of Forest Park*, 118 Ga. App. 700 (165 SE2d 593) (1968), where the notice for attorney fees was held to comply with Code § 20-506, and examination of the record reveals that the notice identified the note by date and principal amount, stated the default and acceleration, and allowed the requisite ten days for payment without penalty without stating the amounts due as of the date of notice. The court held that such notice "fully complies with Code § 20-506, the terms of the note, and all other requirements." In any event, substantial compliance with the statute is all that is required. *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596) (1978).

3. Lastly, the appellant contends that he cannot be liable to Price, the assignee, for more than a pro rata share of the promissory note because he is one of the joint

venturers in the Bill Creek Associates, and the agreement among the persons forming this joint venture is that each shall be liable only for his pro rata share of the liabilities of the associates. Such an agreement between the joint venturers is not, of course, binding on third persons, although it may well be that any venturer who has paid more than his share on a debt of the association has his remedy for contribution against the others who have not paid their share. See *Griffin v. Colonial Bank*, 7 Ga. App. 126 (66 SE 382) (1909); *Bass Dry Goods Co. v. Granite City Mfg. Co.*, 113 Ga. 1142 (39 SE 471) (1901). "Substantially the same rules with respect to principal and agent applicable to members of a partnership apply to members of a joint adventure with respect to contracts with third persons within the scope of the joint enterprise, and a joint adventurer may bind his associates by a contract which is in furtherance, or within the scope, of a joint enterprise." *Murphey, Taylor & Ellis, Inc. v. Williams*, 223 Ga. 99, 102 (2) (153 SE2d 542) (1967).

It was not error to grant the plaintiff's motion for summary judgment as to principal, interest and attorney fees.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 13, 1979 — REHEARING DENIED NOVEMBER 29, 1979 —

*Neil L. Heimanson,* for appellant.
*Max Olim,* for appellees.