### 61635. McCRORY et al. v. YOUNG.

BIRDSONG, Judge.

Appellants, who were the defendants below, sold a house to Delphine Young and her husband in 1973. Appellee Young and her husband executed two notes in favor of the appellants as part of the purchase price. One of these notes was in the principal amount of $34,800 bearing interest at 8.75% per annum; the other note was for $4,350 at 6% add-on interest. Both notes were secured by separate

purchase money deeds to secure debt on the property which were recorded simultaneously; there was no prior mortgage. The appellee Delphine Young sued appellants to have the interest on both notes declared usurious. Both parties moved for summary judgment. To the appellants summary judgment was granted as to the $34,800 note and denied as to the $4,350 note; accordingly, to the appellee Delphine Young summary judgment was denied as to the $34,800 note but granted as to the $4,350 note, except as to the amount of interest actually paid on the $4,350 note and thus entitled to be recouped. Appellants McCrory appeal, urging error on the trial court's grant of partial summary judgment to Delphine Young on the $4,350 note and the denial of appellants' motion on the same. *Held:*

The appellants contend the evidence in the case clearly shows that a debt of $39,150 arose out of the purchase of a house from appellants by Delphine Young and her husband, and that this singular debt was "divided into two parts represented by two separate notes and two separate security deeds." Appellants submitted an affidavit by a certified public accountant showing that, while admittedly the interest on the $4,350 note at a 6% add-on rate represented an actual per annum interest of 10.34%, "the total interest charged on the two combined notes never exceeds the annual rate of 8.93%." Hence, appellant concludes the debt was not usurious.

Appellants cite no authority and make no argument supporting the implication that the two notes are to be considered together to determine whether the interest is usurious, but that is the only basis upon which it might be said the trial court erred in holding that the interest on the $4,350 note, by itself, is usurious and therefore forfeit. The record indicates that a federal bankruptcy court, in proceedings against Delphine Young's husband, considered the two notes together as representing one loan and held the interest non-usurious; and that the Fulton Superior Court, in other proceedings filed by the husband Dan Young, held that the federal court's ruling was res judicata of the same question before it. In the instant case, however, the trial court ruled that no proper evidentiary showing had been made concerning application of res judicata to this case concerning only Delphine Young and appellants make no issue of that holding on appeal.

Accordingly, the only question here is whether the trial court erred in considering the two notes individually and holding one note to be usurious in interest. We hold the trial court did not err. The record does not reveal the purpose or intent underlying the execution of two separate and very different notes for what the appellants call "one indebtedness," and we shall not presume to ferret out what it

was. The record does show, and it is not disputed, that for the default of either note individually, the appellants had the right to initiate foreclosure proceedings. Moreover, it can be seen that if the note bearing 8.75% interest (though it was, in this case, far larger than the other) had been satisfied, the other note at 6% add-on interest (10.34% per annum) would stand as high, alone and vulnerable, as it ever did. The fact is that two entirely separate and very different money obligations were incurred, each a separate legal document secured independently and sufficient unto itself. Notwithstanding the fact that Delphine Young incurred a total indebtedness of $39,150 in the purchase of the house, if the two notes had been executed each to a different and distinct creditor (leaving aside any resulting issues of priority of liens), they could hardly have been more separate. Delphine Young did not pay 8.93% interest on a $39,150 obligation; she paid 8.75% on a $34,800 note and 10.34% per annum on a $4,350 note.

The code section in effect when the notes were executed provides: ". . . the legal maximum rate [of interest] shall be nine per cent. per annum in transactions where the security given for *any* loan, charge, reserve, advance of money, or forbearance to enforce collection of money, is or includes real property or an interest therein. . . ." (Emphasis supplied.) (Ga. L. 1970, p. 174; see Code Ann. § 57-101.1 (1975)). We have two "loans" here, legally independent, albeit they add up to $39,150 owed to the same creditor.

It is true that to constitute usury, it is essential that there be, at the time of execution of the contract, an intent on the part of the lender to take or charge for the use of money a higher rate of interest than is allowed by law. *Harrison v. Arrendale,* 113 Ga. App. 118 (147 SE2d 356), and generally the question of intent and the truth of the transaction is a jury question. *Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801, 810 (132 SE 221); but where the contract is usurious on its face, the intent to violate the usury law may be implied. *Bank of Lumpkin,* supra, p. 811. An implication of usurious intent arising from the taking or reserving of interest greater than the legal rate may be rebutted by evidence that the excess was the result of an honest mistake and that usury was not intended, *Harrison,* supra. But where the evidence is clear, this question can be decided as a matter of law. *Bank of Lumpkin,* supra. The note at 10.34% interest is usurious on its face; it is no implication but plain and clear as a matter of law. It was never alleged or shown in this case that the exaction of 10.34% per annum on the $4,350 note was an error, mistake or miscalculation. Appellants defend that exaction only by saying that when interest of the usurious note is combined with that of another note, the total interest rate on both does not exceed 9%.

We clearly hold, however, that these notes are separate legal entities and there is, therefore, no legal or evidentiary basis upon which to combine the effect of these two notes, and we have found no authority or basis whatever to conclude that usury in one loan is excused if there are other non-usurious notes to the same creditor (see generally, *Bishop v. Exchange Bank,* 114 Ga. 962, 963-964 (41 SE 43), as to onerous obligations exacted in connection with legitimate obligations, as subterfuge for usury as a matter of law).

Accordingly, the trial court was correct in holding the $4,350 note to bear usurious interest as a matter of law and in granting summary judgment to the appellee Delphine Young.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 28, 1981.

*Jack K. Bohler,* for appellants.
*Overtis L. Hicks,* for appellee.