## 62299. DORFMAN v. BRIAH ASSOCIATES et al.

CARLEY, Judge.

Appellant, Mindy G. Dorfman, instituted this action against appellees Briah Associates and Joseph Rabinovich to recover on a promissory note. The note dated November 15, 1977, stating a principal amount of $15,000 and reciting an interest rate of 24.5% per annum, was executed by appellee Rabinovich as agent for appellee Briah Associates. Appellees' answer to the complaint denied any indebtedness to appellant and raised a usury defense premised on the assertion that Briah Associates was not a corporation as alleged in the complaint. Thereafter, appellant amended her complaint to allege that Briah Associates was a "business entity" as opposed to a corporation and to add the following paragraph: "3a. At and before the time Joseph Rabinovich executed the note, he represented that Briah Associates was a corporation, which representation was reasonably relied upon by plaintiff."

The matter proceeded to trial before a jury. At the conclusion of appellant's evidence, appellees moved for a directed verdict on the grounds that the note was usurious on its face and that appellant had failed to prove that Briah Associates was a corporation. Appellees' motion was granted and the court declared that all interest was forfeited pursuant to Code Ann. § 57-112. Appellees conceded the other issues raised by their answer and judgment was then entered awarding appellant that amount represented by the original principal obligation less the total amount of principal and interest previously paid by appellees on the note. Appellant brings this appeal enumerating as error the direction of the verdict in favor of appellees on the usury defense.

It is undisputed that at the time of the execution of the note in question, November 15, 1977, the laws of Georgia governing transactions of this type prohibited interest rates of greater than nine percent per annum (Code Ann. § 57-118; Ga. L. 1961, p. 300). In support of the trial court's ruling, appellees argue that the note in this case is usurious on its face as it recites an interest rate of 24.5% per annum and states the name of the maker as "Briah Associates."

We note that the name "Briah Associates" does not import a corporate entity (Code Ann. § 22-301(a)(1)) and the record is devoid of any documentary evidence relating to the proper formation of a corporation. However, evidence adduced at trial on behalf of appellant did show the following: The negotiation of the loan of November 15, 1977 was conducted on behalf of appellant by appellant's father, Mr. Arnold Dorfman. Mr. Dorfman had previously transacted a financial dealing of a similar nature with

appellee Rabinovich. Mr. Dorfman was first approached by appellee Rabinovich in the earlier part of 1977 for the purpose of obtaining $10,000 and Rabinovich suggested that he would pay "up to 30% interest" for such a loan. At this time and in connection with this first loan, Mr. Dorfman and Rabinovich discussed the fact that interest at such a rate could be charged only if the borrower was a corporate entity. Mr. Dorfman agreed to loan Rabinovich the $10,000 at an interest rate of 25% through a corporation named Barsheet Corporation. This first loan was fully satisfied on schedule. In November of 1977, Rabinovich approached Mr. Dorfman to obtain another loan and again suggested an interest rate of "up to 30% as an inducement." Mr. Dorfman discussed this second proposal with his daughter, the appellant, and she authorized Mr. Dorfman to negotiate such a loan in the principal sum of $15,000. Later, Mr. Dorfman met with Rabinovich to prepare the promissory note and to consummate the transaction. At this meeting, Rabinovich informed Mr. Dorfman that the loan was to be made to a corporation identified as "Briah Associates, Inc." However, as above stated the note, as drawn, identified the maker only as "Briah Associates."

The sole issue presented for resolution on appeal is whether the evidence adduced at trial demanded a finding that, as a matter of law, the note was usurious. To constitute usury in this state "it is essential that there be, at the time the contract is executed, an intent on the part of the lender to take or charge for the use of money a higher rate of interest than that allowed by law. [Cit.]" *Williams v. First Bank &c. Co.,* 154 Ga. App. 879, (269 SE2d 923) (1980). While this requisite element of intent may be implied if all other requisites appear from the face of the agreement (*Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801, 811 (132 SE 221) (1925)), this implied intent may be rebutted or negated by the lender. *Williams v. First Bank &c. Co.,* supra. *McCrory v. Young,* 158 Ga. App. 678, 680 (282 SE2d 163) (1981).

Applying the foregoing principles to the instant case, we cannot state that the evidence introduced, with all reasonable deductions therefrom, demanded a verdict with respect to appellees' usury defense. Assuming, without deciding, that the note in the instant case is usurious on its face, we believe that sufficient evidence was presented from which a jury could find that appellant reasonably believed the borrower to be a corporation, thus indicating an absence of usurious intent. See *Harrison v. Arrendale,* 113 Ga. App. 118 (147 SE2d 356) (1966). Accordingly, the circumstances of this case present a question of fact with respect to the issue of appellant's intent and that issue should have been submitted to the jury for resolution. *Bank of Lumpkin v. Farmers State Bank,* supra, at 815; *Knight v.*

*First Federal &c. Assn.,* 151 Ga. App. 447, 450 (260 SE2d 511) (1979). Moreover, the jury could have concluded from the evidence presented that, because of the representations made by appellee Rabinovich and because of the negotiations between the parties, appellees are estopped from asserting the defense of usury. See *Holt v. Rickett,* 143 Ga. App. 337 (3) (238 SE2d 706) (1977); *Eiberger v. West,* 247 Ga. 767 (1) (a) (281 SE2d 148) (1981).

For the foregoing reasons, genuine issues of material fact with respect to the usury defense existed for resolution by the jury. According, the trial court erred in granting appellees' motion for directed verdict. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522) (1976).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 12, 1981.

*Robert E. Shields, James L. Mackay,* for appellant.
*Danny C. Bailey,* for appellees.